UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Alicyn Whitley<br>Ronald Armstrong | Kahn Scolnick<br>Bradley Hamburger<br>Allison Kawachi |

**Proceedings:**     ZOOM HEARING RE: DEFENDANT RHEEM MANUFACTURING COMPANY'S MOTION TO DISMISS (Dkt. 26, filed on January 6, 2025)

## I. INTRODUCTION

On November 8, 2024, plaintiff Vanessa West ("West" or "plaintiff") filed this action individually and on behalf of a purported class against defendant Rheem Manufacturing Company ("Rheem") and defendant Melet Plastics, Inc. ("Melet"). Dkt. 1 ("Compl."). Plaintiff asserts ten claims for relief: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (4) strict liability for the alleged manufacturing defect, design defect, and failure to warn; (5) negligence; (6) negligent failure to warn; (7) common law fraud; (8) violation of the Song-Beverly Consumer Warranty Act, Cal. Civil Code §1792; (9) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (10) unjust enrichment. Compl. ¶¶ 78-176. She seeks damages, attorneys' fees, and equitable and injunctive relief enjoining defendants from continuing to pursue these practices. Id. at 42-43 ¶¶ 2-7.

On January 6, 2025, defendant Rheem filed the instant motion to dismiss. Dkt. 26 ("Mot."). On January 13, 2025, plaintiff filed an opposition. Dkt. 30 ("Opp."). On January 21, 2025, defendant Rheem filed a reply. Dkt. 31 ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

On February 3, 2025, the Court held a hearing. Defendant Rheem's motion to dismiss is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts in her complaint.

### A. The Parties

Plaintiff West brings this class action regarding certain water heater drain valves manufactured and supplied by defendants Melet and Rheem (the "Class Products"). Compl. ¶ 1. The purported nationwide class is defined as follows:

> All individuals and entities that own or have owned Class Products and/or who own or have owned homes or other structures physically located in the United States, in which the Class Products are or were installed.

Id. ¶ 36. The purported California subclass is defined as follows:

> All individuals and entities residing in the State of California that own or have owned Products and/or who own or have owned homes or other structures physically located in the State of California, in which Class Products are or were installed.

Id. Plaintiff is a resident of California. Id. ¶ 24.

Defendant Melet formulates, designs, manufactures, assembles, tests, labels, markets, advertises, warrants, and offers for distribution and sale water heater drain valves that are used to discharge water and sediment from water heaters. Id. ¶ 2. Among other products, it sells the Class Products: round poly drain valves advertised on Rheem's website and elsewhere as Part No. AP16800. Id. The Class Products at issue were manufactured and advertised between 2019 and 2023 and offered for sale and distribution promptly thereafter. Id. Melet is a corporation that maintains its principal place of business in North Dakota. Id. ¶ 32.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

Defendant Rheem designs, manufactures, advertises, and sells water heaters and water heater components. Id. ¶ 3. In some of its water heaters, it uses the Class Products supplied by Melet. Id. Rheem is a corporation that maintains its principal place of business in Georgia. Id. ¶ 33.

Both Melet and Rheem conduct substantial business in California, including through the sale and distribution of Class Products at stores such as Home Depot and Walmart, as well as on Amazon.com. Id. ¶ 35.

    **B.**    **The Class Products**

The Class Products are an integral part of every conventional storage water heater. Id. ¶ 4. The Class Products consist of two main parts: the body (the "Stem") and the threaded insert (the "Cap,"), which together form a watertight seal (the "Valve Assembly"). Id. ¶ 5. The base of the Stem is externally threaded, coated with pipe sealant, and inserted into the lower portion of the water heater to allow for drainage and maintenance. Id. When fully tightened, a rubber seal attached to an internally fixed post on the Cap contacts a seal seat on the inside of the Stem to stop the flow of water. Id. Similarly, when fully tightened, the external threads and pipe sealant applied to the Stem are intended to form a watertight seal with the body of the water heater. Id. If the elastomeric gasket made from a polymeric material (the "Rubber Seal") and polymeric body (the "Plastic Stem") are not manufactured and designed properly, the Valve Assembly is prone to chemical degradation by the chlorides and hypochlorites normally found in publicly supplied potable water. Id. ¶ 6. High temperatures and pressures in traditional water heaters accelerate this degradation, causing the Rubber Seal and Plastic Stem of the Valve Assembly to weaken over time. Id. In these instances, small sections of the Rubber Seal will break apart and the Plastic Stem will weaken on the threaded connection, damaging its structural integrity. Id. As a result, failed gaskets and weakened threaded interfaces are unable to maintain a permanent watertight seal in their closed position, resulting in an uncontrolled release of water into the surrounding area and water damage to property. Id.

Defendants Rheem and Melet market the Class Products as suitable and less expensive alternatives, e.g., to brass drain valves also sold by Rheem. Id. ¶ 7. Rheem promises that the Class Products are suitable for residential and commercial uses, specifically for water heater drainage. Id. However, contrary to defendants'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

representations, the Class Products are defectively designed and manufactured and unsuitable for their intended purpose. Id. ¶ 8.

    **C.    Allegations**

    In November 2020, plaintiff and her husband purchased a home in Woodland Hills, California. Id. ¶ 25. As part of that transaction, on December 13, 2020, the home's water heater was replaced with a Rheem water heater, model no. XG50T06EN38U1, which was manufactured on May 26, 2020. Id. Plaintiff's Rheem water heater was purchased from Home Depot, which carried a six-year warranty. Id. ¶ 26.

    On or about October 26, 2023, the drain valve of plaintiff's water heater failed and caused flooding in the water heater closet, adjoining closet, hallway, foyer, living room, dining room, and kitchen. Id. ¶ 27. It damaged flooring, drywall, carpentry, paint, air conditioning ducting, plumbing, and wall surfaces. Id. Plaintiff investigated and discovered that the Class Product she had purchased in the water heater had fractured and failed, but the other parts of the water heater were still working properly. Id. On the same day, plaintiff contacted Rheem to notify it of the defect. Id. ¶ 28. Rheem's representative admitted on a recorded line that it had knowledge of "issues" with the plastic valve. Id. On October 27, 2023, Rheem sent plaintiff confirmation that a replacement brass valve would be sent to her. Id. When it arrived, plaintiff contracted with a local plumber to install it, at a cost of approximately $150. Id. ¶ 29.

    On or about October 30, 2023, plaintiff filed a claim with her homeowners insurance carrier. Id. ¶ 30. Her insurer paid for certain repairs, but plaintiff was required to pay $1,250 for her deductible. Id. Plaintiff incurred lost time addressing the failure of the valve, property damage, and claims process, and she experienced severe emotional distress and anguish. Id. Plaintiff would not have purchased and installed the Class Products, exposed her property to flooding and water damage, and exposed her family to the risk of personal injury from flooding—including the risk of electrocution—had defendants disclosed the propensity for the Class Products to fracture and fail. Id. ¶ 31.

    At all relevant times, defendants affirmatively concealed from plaintiff and class members the manufacturing and design defects in the Class Products. Id. ¶ 43. Defendants have known about these defects, present at the time of sale, for years, through their own internal and external testing, their own warranty program, claims filed against defendants by insurance companies, distributor reports and returns of the Class Products,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

and insurance subrogation claims. Id. ¶¶ 44, 68-69. Defendants had a duty to inform plaintiff and class members of the defect, but never did. Id. ¶ 44. In fact, defendant Rheem "boasts" that it "continues to offer some of the highest-performing water heaters available today." Id. Plaintiff and class members could not have reasonably discovered the defects or defendants' attempts to avoid disclosure. Id. ¶ 45.

Further, defendants knew or should have known that the composition of materials in the Class Products were inappropriate for long-term use in high heat conditions. Id. ¶ 50. It is well-known in the industry that the polymeric materials in the Class Products are susceptible to degradation in municipal water supply environments, and that without proper formulation, additives, or processing, the materials will prematurely degrade and fail. Id. ¶ 60. Nonetheless, defendants claim on their respective websites that their products are of high quality, and Melet's website discusses "the considerations that go into selecting the right materials and additives to be used for any part." Id. ¶¶ 61-64.

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.' " Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); see Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.    Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies on solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

## IV. DISCUSSION

Defendant Rheem moves to dismiss all claims other than the strict products liability and negligence claims. Mot. at 7. Rheem argues that (1) plaintiff's warranty claims fail as a matter of law; (2) plaintiff's common law fraud and UCL claims fail to state a claim; (3) plaintiff's unjust enrichment claim fails as a matter of law; and (4) plaintiff cannot pursue equitable remedies through the UCL or through her claim for unjust enrichment. Mot. at 7-8. The Court addresses each argument in turn.

### A. Warranty (Claims One, Two, Three, and Eight)

#### 1. Breach of Express Warranty (Claim One)

Rheem argues that plaintiff's breach of express warranty claim fails because she does not identify any breaches. Mot. at 11. Rheem contends that the Court can consider the terms of plaintiff's warranty because it is incorporated by reference into her complaint. Id. at 12. According to Rheem, the warranty is a full warranty for one year, and then becomes a five-year limited warranty. Id. at 8. Rheem states that because plaintiff's water heater failed nearly three years after it was installed, only the limited warranty applied. Id. at 12. Because plaintiff alleges that Rheem promptly and fully complied with the terms of the limited warranty when it sent her a replacement part just one day after she reported the defect, Rheem argues that it fulfilled its warranty. Id. at 12. Separately, Rheem contends that plaintiff's allegation that Rheem breached the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

express warranty by failing to disclose the alleged defect at the time of sale is not cognizable under California law. Id. at 13.

In opposition, plaintiff argues that she stated a valid claim by alleging that she reasonably relied on the terms of the warranty, the terms were breached, and injury resulted. Opp. at 5. Plaintiff argues that the Certificate of Limited Warranty provided by Rheem is not dated and does not reference plaintiff. Id. at 6. Plaintiff also argues that, if it does apply to her, she should be considered the original owner, as the previous owner of plaintiff's home purchased it to pass to plaintiff. Id. Plaintiff disputes Rheem's argument that it had no duty to disclose the alleged defect if it fulfilled its warranty obligations, as Rheem did not fulfill its warranty obligations. Id. Plaintiff argues that it is immaterial that Rheem provided a replacement valve three years later, because Rheem breached its warranty to provide a Class Product free from defects originally. Id. at 7.

In reply, Rheem argues that plaintiff concedes that the Certificate of Limited Warranty applies to her water heater. Reply at 3. Rheem contends that plaintiff does not dispute that Rheem fully complied with it by sending her a replacement valve. Id.

"A warranty is a contractual promise from the seller that the goods conform to the promise." Daugherty v. Am. Honda Motor Co., 144 Cal. App. 4th 824, 830 (2006), as modified (Nov. 8, 2006). To plead a breach of express warranty claim, a plaintiff must allege the terms of the warranty, his or her reasonable reliance thereon, and a breach of that warranty which proximately caused his or her injury. Williams v. Beechnut Nutrition Corp., 185 Cal. App. 3d 135, 142 (1986). Here, plaintiff alleges that Rheem warranted in writing that the Class Products were free from defects at the time of sale, plaintiff relied on the existence of this warranty, and Rheem breached the warranty by selling defective Class Products. Compl. ¶¶ 82-84. Rheem provides a Certificate of Limited Warranty, dkt. 26-4, as Exhibit A, arguing that it should be incorporated by reference into plaintiff's complaint. Mot. at 12; dkt. 26-2 at 2.

"Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 1002 (9th Cir. 2018). It is appropriate "in situations where the complaint [1] necessarily relies upon a document or the contents of the document are alleged in a complaint, [2] the document's authenticity is not in question and [3] there are no disputed issues as to the document's relevance." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010). Here, the Court finds that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

the first element is satisfied, as plaintiff's breach of express warranty claim necessarily relies on the written warranty that applies to plaintiff's water heater. As for the second and third elements, defense counsel provides that Exhibit A, which was obtained from Rheem on December 4, 2024, is a "true and correct copy of the warranty agreement that applies to [p]laintiff's water heater." Dkt. 26-3 ¶ 2. In opposition, plaintiff states that Exhibit A "provides no date nor any references to [p]laintiff," but then appears to argue that pursuant to its terms, plaintiff is the original owner of the water heater and the warranty applies to her. Opp. at 6. Further, plaintiff does not argue that the terms of the written warranty were different than those in Exhibit A, provide a copy of the different terms, or explain why they were not provided.

Accordingly, the Court finds that there is no genuine dispute as to Exhibit A's authenticity or relevance. Further, the "policy concern underlying the rule: [p]reventing plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based," appears to be served here. See Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998); see also Caruso v. Seabring Marine Indus., Inc., No. 2:24-CV-00861-MCS-E, 2024 WL 3464172, at *1, n.2 (C.D. Cal. July 2, 2024) (incorporating written warranty into complaint when plaintiff asserted a breach of express warranty claim). Exhibit A, titled Certificate of Limited Warranty states the following, in pertinent part:

> This Limited Warranty is only available to the original owner of this water heater. It is not transferable.
>
> Rheem Sales Company, Inc. (Rheem) warrants this Rheem® water heater, and its component parts, to be free from defects in materials and workmanship, under normal use and service, for the Applicable Warranty Period. At its option, Rheem will repair or replace the defective water heater, or defective component part(s), in accordance with the terms of this Limited Warranty, if it fails in normal use and service during the Applicable Warranty Period.
>
> …
>
> The Applicable Warranty Period is six (6) years of warranty coverage as follows: one (1) years of Full Warranty coverage followed by five (5) years of Limited Warranty coverage if the water heater is installed in a single-family dwelling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

…

During the five (5) year Limited Warranty, which immediately follows the 1-year Full Warranty period, Rheem will provide replacement of any part that fails due to a defect in materials or workmanship. A replacement water heater will be provided should the tank leak after original installation. You will be responsible for any labor, in-home service, shipping, removal, disposal, or reinstallation cost after the 1-year Full Warranty coverage period expires.

…

This Limited Warranty is the only Warranty for this unit given by Rheem. No one is authorized to make any other warranties on behalf of Rheem. ANY IMPLIED WARRANTIES, INCLUDING MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE, SHALL NOT EXTEND BEYOND THE APPLICABLE WARRANTY PERIODS SPECIFIED PREVIOUSLY. RHEEM'S SOLE LIABILITY, WITH RESPECT TO ANY DEFECT, SHALL BE AS SET FORTH IN THIS LIMITED WARRANTY, AND ANY CLAIMS FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES (INCLUDING DAMAGE FROM WATER LEAKAGE) ARE EXCLUDED. Some states do not allow limitations on how long an implied warranty lasts, or for the exclusion of incidental or consequential damages, so the above limitations or exclusions may not apply to you.

Dkt. 26-4 at 5. As a threshold matter, the Court finds that pursuant to the terms of the Certificate of Limited Warranty, plaintiff's standing to assert this claim relies on her status as the water heater's "original owner." When asked at oral argument if the water heater was purchased by plaintiff or the seller of her home, plaintiff's counsel stated that it was unclear who purchased the water heater, as it could have been purchased by a plumber. Counsel for Rheem stated that it was not contesting the fact that plaintiff can avail herself of the express warranty.

Assuming that plaintiff qualifies as the original owner and the Certificate of Limited Warranty applies to her, it appears that plaintiff concedes, in her complaint, that Rheem complied with its terms. In the five-year limited warranty period, covering December 2021-December 2026, Rheem was required to "provide replacement of any part that fails due to a defect in materials or workmanship," and plaintiff alleges that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

Rheem replaced the allegedly defective Class Product when it failed in October 2023. See dkt. 26-4 at 5; Compl. ¶¶ 28-29. During this period, plaintiff was "responsible for any labor, in-home service, shipping, removal, disposal, or reinstallation cost," and any claims for incidental or consequential damages, including damage from water leakage, were expressly excluded from coverage. See dkt. 26-4 at 5. Accordingly, the Court finds that Rheem complied with the terms of the Certificate of Limited Warranty, and that plaintiff's claim must be dismissed for failure to plead that a breach occurred.

The Court is not persuaded by plaintiff's argument that the following phrase implies that a defect itself is a breach of the agreement: "[Rheem] warrants this Rheem® water heater, and its component parts, to be free from defects in materials and workmanship, under normal use and service, for the Applicable Warranty Period." To the contrary, "[c]ourts have held that a manufacturer does not breach an express warranty if it offers to provide the remedies specified in the warranty." Nygren v. Hewlett-Packard Co., No. C 07-05793 JW, 2008 WL 11399759, at *5 (N.D. Cal. Oct. 24, 2008). See also Frenzel v. AliphCom, 76 F. Supp. 3d 999, 1019 (N.D. Cal. 2014) (dismissing breach of express warranty claim because, "[a]ccording to the complaint, when [plaintiff's initial device] malfunctioned, Jawbone issued him a replacement device… In doing so, Jawbone complied with its warranty obligations as described both in [plaintiff's] complaint and in the limited warranty submitted by Jawbone."); Weeks v. Google LLC, No. 18-CV-00801 NC, 2018 WL 3933398, at *6 (N.D. Cal. Aug. 16, 2018) ("the Court does not consider the alleged defect *by itself* to be a basis for the breach of express warranty claim.").

   2. Breach of Implied Warranty (Claims Two and Eight)

Rheem argues that plaintiff's implied warranty claims, asserted under the California Commercial Code and the Song-Beverly Act ("Song-Beverly"), fail because plaintiff alleges that her water heater functioned as promised for nearly three years, demonstrating that it was fit for its ordinary purpose. Mot. at 13. The claim under the California Commercial Code also fails, according to Rheem, because plaintiff does not allege that she bought the water heater directly from Rheem, demonstrating a lack of privity. Id. Similarly, Rheem contends that the Song-Beverly claim fails because plaintiff was not a "buyer" of the water heater within the meaning of the statute. Id.

In opposition, plaintiff argues that the fact that she used the Class Product for three years does not mean it was fit for its ordinary purpose. Opp. at 7. To the contrary, plaintiff contends that the Class Product was unfit because it was unsafe, and she should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

not be required to wait for the "manifestation of the defect" to prove that the known defect rendered it unmerchantable. Id. at 8. Plaintiff then recites the allegations in the complaint regarding the safety risks presented by the defective Class Products. Id.

As for Rheem's privity argument under the California Commercial Code, plaintiff argues that there is an exception to the privity requirement for third-party beneficiaries, and the previous owner of plaintiff's home purchased the water heater expressly to benefit plaintiff. Id. at 9-10 (citing Gilbert Fin. Corp. v. Steelform Contracting Co., 82 Cal. App. 3d 65, 69 (1978) and Cal. Civ. Code § 1559). Additionally, plaintiff argues that even if plaintiff did not purchase the product, the Certificate of Limited Warranty provided by Rheem makes clear that it is available to the original owner, not just the original buyer. Id. at 10. Plaintiff thus asserts that the contractual relationship between plaintiff and Rheem was confirmed on or about October 27, 2023 when Rheem sent plaintiff a replacement valve. Id. at 10-11. Separately, plaintiff argues that she asserts this claim as a purported class representative, and in this context, "the critical inquiry seems to be whether there is sufficient similarity between the products purchased and not purchased." Id. at 11 (citing Astiana v. Dreyer's Grand Ice Cream, Inc., No. C-11-2910 EMC, 2012 WL 2990766, at *11 (N.D. Cal. July 20, 2012)). Plaintiff argues that because she alleges sufficient similarity, she can assert claims for unnamed class members with privity, even if she was not in privity. Id. at 12. Plaintiff makes the same arguments in regard to her Song-Beverly claim. Id. at 12-13.

In reply, Rheem argues that plaintiff's admission that she did not purchase the water heater precludes her claims under the Commercial Code and Song-Beverly. Reply at 4. Rheem argues that the exception for third-party beneficiaries should be limited to the factual circumstances in Gilbert, which involved construction work on real property. Id. at 5. Additionally, Rheem states that even courts that have "improperly applied [it] to sales of consumer goods" have required a plaintiff to show that she was a third-party beneficiary of a contract between the defendant and a third party. Id. Here, Rheem asserts that plaintiff was several steps removed from any contract with Rheem, as the complaint states that a third party bought the water heater from Home Depot, had it installed at her home, and then sold that home to plaintiff. Id. As for the Song-Beverly claim, Rheem argues that there is no third-party beneficiary exception under the statute, and even if there was, plaintiff's claim would fail for the same reason. Id. at 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

The implied warranty of merchantability arises by operation of law. Am. Suzuki Motor Corp. v. Superior Ct., 37 Cal. App. 4th 1291, 1295 (1995). "[A] breach of the implied warranty of merchantability means the product did not possess even the most basic degree of fitness for ordinary use." Mocek v. Alfa Leisure, Inc., 114 Cal. App. 4th 402, 406 (2003). "It does not impose a general requirement that goods precisely fulfill the expectation of the buyer. Instead, it provides for a minimum level of quality." Am. Suzuki, 37 Cal. App. 4th at 1296. While the parties dispute whether the Class Products were fit for their ordinary purpose, see Opp. at 7, the Court does not reach this question and assumes *arguendo* that the Class Products were unfit.

Under Cal. Com. Code § 2314, "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." Cal. Com. Code § 2314. "[A] plaintiff asserting breach of warranty claims [under § 2314] must stand in vertical contractual privity with the defendant. A buyer and seller stand in privity if they are in adjoining links of the distribution chain." Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008). Plaintiff does not appear to dispute that she is not in vertical privity with defendant Rheem, but instead argues that she can assert a claim as a third-party beneficiary. See Opp. at 9. The Court acknowledges the split of authority on "whether an exception to the privity requirement exists for a breach of implied warranty of merchantability claim when a plaintiff can show that he or she was a third-party beneficiary of a contract between the defendant and a third party." Corbett v. Pharmacare U.S., Inc., 544 F. Supp. 3d 996, 1010 (S.D. Cal. 2021) (collecting cases). However, even if the Court were to apply the exception, plaintiff has not alleged that she is a third-party beneficiary of a contract between the *defendant* and a third party. Rather, plaintiff has alleged that the previous owner of her home purchased the Rheem water heater from Home Depot. Compl. ¶ 26. Thus, while plaintiff may be a third-party beneficiary of a contract between Home Depot and the previous owner of her home, she is not a third-party beneficiary of a contract between Rheem and the previous owner of her home, or of a contract between Rheem and Home Depot. Accordingly, the Court finds that plaintiff's implied warranty claim under Cal. Com. Code § 2314 fails, even if the third-party exception to the privity requirement applies, because she is not a third-party beneficiary of a contract involving Rheem.

Turning to plaintiff's Song-Beverly claim, the statute creates implied warranties for "sale[s] of consumer goods that are sold at retail in" California. Cal. Civ. Code § 1792. It states: "Any buyer of consumer goods who is damaged by a failure to comply

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

with any obligation under this chapter or under an implied or express warranty or service contract may bring an action for the recovery of damages and other legal and equitable relief." Id. § 1794. Song-Beverly "does not require privity to assert an implied warranty claim." Sater v. Chrysler Grp. LLC, No. EDCV 14-00700-VAP, 2015 WL 736273, at *7 (C.D. Cal. Feb. 20, 2015). However, it defines "buyer" as "any individual who buys consumer goods from a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail." Cal. Civ. Code § 1791. Here, plaintiff did not buy the Class Products from a "a person engaged in the business of manufacturing, distributing, or selling consumer goods at retail." Rather, plaintiff bought a home, and as a part of that transaction, the previous owner of the home bought a water heater from Home Depot. Compl. ¶¶ 25-26. Accordingly, the Court finds that plaintiff's Song-Beverly claim fails because she cannot recover damages as a "buyer" of the Class Products.[1]

        3.      Violation of the Magnuson-Moss Warranty Act (Claim Three)

Rheem argues that plaintiff's claim under the Magnuson-Moss Warranty Act ("Magnuson-Moss") is derivative of her state law warranty claims and fails for the same reasons. Mot. at 18.

In opposition, plaintiff contends that the same arguments regarding her express and implied warranty claims apply here. Opp. at 12.

In reply, Rheem argues that plaintiff concedes that this claim rises and falls with the other two warranty claims. Reply at 8.

Under Magnuson-Moss, "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [statute], or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief." 15 U.S.C. § 2310. Accordingly, claims under Magnuson-Moss "stand or fall" with express and implied warranty claims under state law. Clemens, 534 F.3d at 1022 (9th Cir. 2008). As the Court has dismissed

---

[1] Plaintiff argues that she nonetheless has standing to bring these claims pursuant to Astiana and the cases discussed therein. Opp. at 11. The Court finds that these cases relate to a plaintiff's standing to bring claims on behalf of a class regarding products individually purchased and those sufficiently similar that were not purchased. The Court finds that this issue is more appropriately considered on a motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

plaintiff's express and implied warranty claims, see Part IV(A)(1)-(2), the Court finds that dismissal of plaintiff's Magnuson-Moss claim is also warranted.

### B. Common Law Fraud (Claim Seven) and UCL (Claim Nine)

Rheem argues that plaintiff's common law fraud and UCL claims, based on theories that Rheem omitted information about the alleged defect and affirmatively misrepresented its products, fail under Rule 9(b). Mot. at 18-19.

First, Rheem argues that plaintiff does not allege that she relied on any misrepresentation or omissions by Rheem, which is an element of common law fraud and a requirement for standing under the UCL. Id. at 19. Further, according to Rheem, plaintiff alleged that the "unlawful" prong of her UCL claim is premised on an alleged violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, which itself requires reliance. Id. at 19-20. Rheem contends that plaintiff could not have possibly relied on Rheem's alleged misrepresentations if she did not purchase her water heater. Id. at 20. Even if she did purchase it, Rheem states that her alleged reliance on Rheem's representations is precisely the type of "generalized, vague, or unspecified assertion[] that courts frequently consider non-actionable puffery." Id. (citing Resnick v. Hyundai Motor Am., Inc., 2016 WL 9455016, at *9 (C.D. Cal. Nov. 14, 2016)). Additionally, Rheem argues that plaintiff does not allege that she relied on any omitted information. Id. Further, while plaintiff alleges that she would not have purchased the water heater if Rheem had disclosed the defect, Rheem asserts that plaintiff fails to allege any facts that she would have learned this information if Rheem had disclosed it, e.g., by looking at the website, labels, or advertisements. Id. at 21.

Second, even if plaintiff had alleged reliance, Rheem argues that she failed to allege that Rheem had a duty to disclose the allegedly omitted information, which is a necessary element of common law fraud and UCL claims premised on omissions. Id. While plaintiff alleges that Rheem had exclusive knowledge of the defects, Rheem argues that plaintiff also alleges that information about the defects was publicly available, which defeats her claim. Id. at 22. Additionally, Rheem contends that the complaint pleads no facts about any affirmative actions through which Rheem hid the defects. Id. at 23.

In opposition, plaintiff argues that common law fraud claims based on omission "do not require the same level of specificity required by a normal fraud claim." Opp. at 14. Plaintiff contends that she pled the "what," "why," and "how" of Rheem's fraud by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

omission. Id. at 14-15. Additionally, plaintiff argues that the complaint shows how she reviewed and relied on Rheem's online statements, which assured her that the Class Products were "rigorously tested and designed." Id. Plaintiff also argues that, as stated in the complaint, she believes Rheem knew about the defect because of her recorded conversation with Rheem. Id. As for the UCL claim, plaintiff argues that Rheem violated the "unlawful" prong of the UCL when it violated the CLRA by failing to disclose material information about the defects. Id. at 15-16. Plaintiff also argues that this same omission violated the "fraudulent" prong of the UCL. Id. at 16.

In reply, Rheem argues that plaintiff's admission that she did not purchase the water heater precludes these claims, because it was the prior owner of her home, not plaintiff, who would have relied on misrepresentations or omissions when purchasing it. Reply at 8. Additionally, Rheem contends that plaintiff does not respond to its arguments about the duty to disclose allegedly omitted information. Id.

To plead a fraud claim, "a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Plaintiff alleges a claim for common law fraud and claims involving fraud under the UCL.

In California, to plead a common law fraud claim, a plaintiff must allege: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." Lazar v. Superior Ct., 12 Cal. 4th 631, 638 (1996). Plaintiff alleges that Rheem failed to disclose the defects in the Class Products, knew of the defects, and intended to omit this information to continue profiting from the Class Products. Compl. ¶ 12. However, the Court finds that plaintiff fails to adequately plead that she justifiably relied, or relied at all, on Rheem's omissions. This is because plaintiff did not purchase the water heater, and thus, she could not have relied on any alleged omission by Rheem when purchasing it. While plaintiff purchased a home and the new water heater was part of the transaction, see Compl. ¶ 25, plaintiff does not allege that she relied on misrepresentations about the water heater as part of the home transaction. Accordingly, plaintiff's claim for common law fraud fails to state a claim.

The UCL prohibits acts or practices which are (1) fraudulent, (2) unlawful, or (3) unfair. Cal. Bus. & Prof. Code § 17200. Plaintiff pleads claims under the fraudulent and unlawful prongs. Plaintiff's claim under the unlawful prong is premised on a violation of the CLRA. The CLRA bans certain practices that the California legislature has deemed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**           'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

to be "unfair" or "deceptive." Cal. Civ. Code § 1770. Plaintiff alleges that Rheem violated the CLRA by failing to disclose material information about the Class Products' defects.[2] Compl. ¶ 164. Plaintiff's claim under the fraudulent prong of the UCL is based on the same allegation. Id. ¶ 165. Accordingly, both of plaintiff's claims under the UCL involve a failure to disclose, which can constitute actionable fraud in four circumstances:

> (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material fact.

Falk v. Gen. Motors Corp., 496 F. Supp. 2d 1088, 1095 (N.D. Cal. 2007) (citing LiMandri v. Judkins, 52 Cal. App. 4th 326, 336 (1997)). Plaintiff appears to allege that Rheem actively concealed a material fact from her, the third circumstance described in Judkins. Compl. ¶ 164. "In order for non-disclosed information to be material, a plaintiff must show that 'had the omitted information been disclosed, one would have been aware of it and behaved differently.'" Falk, 496 F. Supp. 2d at 1095 (citing Mirkin v. Wasserman, 5 Cal. 4th 1082, 1084 (1993)). Here, because plaintiff does not allege that she relied on the warranty when she purchased the house, it is unclear how the disclosure would have changed her behavior. Accordingly, plaintiff's claims under the unlawful and fraudulent prongs of the UCL, which both hinge on active concealment of a material fact, fail because plaintiff has not adequately pled that the non-disclosed information was material.

### C.   Unjust Enrichment (Claim Ten)

Rheem argues that plaintiff's unjust enrichment claim fails because a quasi-contract claim cannot exist when an "enforceable, binding agreement exists defining the rights of the parties." Mot. at 23. Here, Rheem argues that plaintiff's claim is barred by

---

[2] The Court finds that this implicates two practices listed in the CLRA: "Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have," and "Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Cal. Civ. Code § 1770(a)(5)-(7).

Case 2:24-cv-09686-CAS-MAA   Document 37   Filed 02/03/25   Page 18 of 19   Page ID #:208

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

the terms of her express warranty. Id. Additionally, Rheem contends that the unjust enrichment claim must be dismissed because plaintiff has not alleged that Rheem has been "unjustly conferred a benefit through mistake, fraud, coercion, or request." Id.

In opposition, plaintiff argues that there is an exception to the rule that an express warranty precludes an unjust enrichment claim: when an agreement may have been procured through fraud. Opp. at 16. Plaintiff restates her argument that she adequately pled that she was fraudulently induced to use defective Class Products. Id. at 16-17.

In reply, Rheem argues that plaintiff fails to state any viable fraud-based claims, particularly given her admission that she did not purchase the water heater. Reply at 10.

"The general prohibition of pleading both quasi-contract and contract theories of recovery where an express contract exists is modified by Fed. Rule Civ. P. 8(e)(2), which allows a plaintiff to plead alternative theories, even if inconsistent." United States ex rel. Jordan v. Northrop Grumman Corp., No. CV 95-2985 ABC-Ex, 2002 WL 35628749, at *3, n.1 (C.D. Cal. Aug. 13, 2002). Here, plaintiff's unjust enrichment claim is not precluded by the existence of the express warranty, as plaintiff is entitled to plead alternative theories of liability under Rule 8(e). However, given plaintiff's counsel's statement that it is unclear who purchased the water heater, the Court finds that plaintiff has failed to plead that defendant Rheem was unjustly enriched by plaintiff. Accordingly, the Court dismisses plaintiff's claim for unjust enrichment.

### D.   Equitable Remedies (Claims Nine and Ten)

Rheem argues that remedies under the UCL (claim nine) and unjust enrichment (claim ten) are equitable, which cannot be pursued when a plaintiff simultaneously claims entitlement to legal remedies in other claims. Mot. at 23-24 (citing Sonner v. Premier Nutrition Corp., 971 F.3d 834, 844 (9th Cir. 2020)). Because plaintiff has alleged claims for legal damages based on the same underlying facts as her request for equitable remedies, Rheem contends that plaintiff cannot show that she lacks an adequate remedy at law, and her equitable claims should thus be dismissed. Id. at 24.

In opposition, plaintiff argues that it is premature to dismiss alternative forms of relief before there is enough information gathered to determine whether the legal relief sought would be adequate. Opp. at 17. Plaintiff states that she can pursue equitable claims in the alternative to legal remedies at the pleadings stage. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL   'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | February 3, 2025 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

In reply, Rheem argues that plaintiff ignores Sonner and instead relies on outdated case law that predates it. Reply at 10.

The Court finds it premature at this stage of the litigation to determine whether plaintiff has an adequate remedy at law. Under Rule 8(e), as described above, a plaintiff is allowed to plead alternative theories of recovery. While the Court recognizes that Sonner was decided on the pleadings, it was also decided when the case was "on the eve of trial," unlike here. See Sonner, 971 F.3d at 845. See also In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prods. Liab. Litig., 497 F. Supp. 3d 552, 638 (N.D. Cal. 2020) (finding Sonner, "where the plaintiff on the eve of trial sought to secure a bench trial under the UCL by foregoing CLRA damages claims that had to be tried to a jury[,] inapposite considering the allegations and the posture of the [class action complaint]."). Accordingly, the Court denies Rheem's motion to dismiss plaintiff's claims for equitable relief.

### V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Rheem's motion to dismiss. The Court **DENIES** Rheem's motion to dismiss plaintiff's claims for equitable relief. The Court **GRANTS** Rheem's motion to dismiss plaintiff's first, second, third, seventh, eighth, ninth, and tenth claims. The Court **GRANTS** plaintiff leave to amend her first, second, third, seventh, eighth, ninth, and tenth claims.

IT IS SO ORDERED.

|  | 00 : 15 |
|---|---|
| Initials of Preparer | CMJ |