GIBSON, DUNN & CRUTCHER LLP
KAHN A. SCOLNICK, SBN 228686
  kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
  bhamburger@gibsondunn.com
CLAYTON COLLIER, SBN 344117
  ccollier@gibsondunn.com
ALLISON ROY KAWACHI, SBN 349078
  akawachi@gibsondunn.com
333 South Grand Avenue
Los Angeles, California  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

GIBSON, DUNN & CRUTCHER LLP
KATIE K. GEARY, SBN 323875
  kgeary@gibsondunn.com
3161 Michelson Drive, Ste 1200
Irvine, California  92612-4412
Telephone:  949.451.3800
Facsimile:   949.451.4220

*Attorneys for Defendant*
*Melet Plastics Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA WEST, individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> RHEEM MANUFACTURING COMPANY, and MELET PLASTICS, INC., <br><br> Defendants. | CASE NO. 2:24-cv-09686-CAS-MAA <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT MELET PLASTICS INC.'S MOTION TO DISMISS COMPLAINT** <br><br> Date:  June 23, 2025 <br> Time:  10:00 a.m. <br> Crtrm:  8D <br> Judge:  Hon. Christina A. Snyder |

Gibson, Dunn &
Crutcher LLP

## TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................................6

II.     BACKGROUND ...................................................................................................6

III.    LEGAL STANDARD ...........................................................................................7

IV.     ARGUMENT.........................................................................................................7

   A.  Melet is not subject to general jurisdiction in California. ....................................8

   B.  Melet is not subject to specific jurisdiction. .......................................................9

      1.  Melet did not purposefully avail itself of the privileges of conducting business in California. ....................................................................................10

      2.  Melet's contacts with California are not sufficiently connected to Plaintiff's claims. .........................................................................................15

      3.  Exercising jurisdiction over Melet in California would be unreasonable. ...17

V.      CONCLUSION ....................................................................................................18

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Asahi Metal Indus. Co. v. Super. Ct.*,
480 U.S. 102 (1987)..................................................................................12, 14, 15

*Ballard v. Savage*,
65 F.3d 1495 (9th Cir. 1995) ................................................................................10

*Boschetto v. Hansing*,
539 F.3d 1011 (9th Cir. 2008) .................................................................................7

*Bristol-Myers Squibb Co. v. Super. Ct.*,
582 U.S. 255 (2017)...................................................................................9, 16, 17

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985).............................................................................................18

*Butcher's Union Local No. 498, United Food & Commercial Workers v.
SDC Investment, Inc.*,
788 F.2d 535 (9th Cir. 1986) ................................................................................11

*Calder v. Jones*,
465 U.S. 783 (1984).............................................................................................11

*Caruth v. Int'l Psychoanalytical Ass'n*,
59 F.3d 126 (9th Cir. 1995) ..................................................................................10

*Core-Vent Corp. v. Nobel Indus. AB*,
11 F.3d 1482 (9th Cir. 1993) ..................................................................................8

*Daimler AG v. Bauman*,
571 U.S. 117 (2014)................................................................................................8

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) .................................................................................7

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021).................................................................................11, 12, 15, 16

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
564 U.S. 915 (2011)................................................................................................8

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
  485 F.3d 450 (9th Cir. 2007) .......................................................................... 14

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945) .......................................................................................... 8

*J.D. Equipment, LLC v. Acme Life Co., LLC*,
  2013 WL 1499310 (W.D. Wash. Apr. 10, 2013) ........................................... 13

*LNS Enters. LLC v. Cont'l Motors, Inc.*,
  22 F.4th 852 (9th Cir. 2022) ............................................................ 8, 9, 10, 14

*Mendoza v. Electrolux Home Prods., Inc.*,
  2022 WL 4082200 (E.D. Cal. Sept. 6, 2022) ................................................. 16

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ........................................................................ 18

*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) .......................................................................... 7

*Phillips Petroleum Co. v. Shutts*,
  472 U.S. 797 (1985) ........................................................................................ 18

*Rush v. Savchuk*,
  444 U.S. 320 (1980) ........................................................................................ 11

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ............................................................................ 8

*Scott v. Breeland*,
  792 F.2d 925 (9th Cir. 1986) ............................................................................ 7

*In re W. States Wholesale Nat. Gas Antitrust Litig.*,
  715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015) ......................................................................... 16

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................. 11, 14, 15

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ........................................................................................ 12

Gibson, Dunn & Crutcher LLP

4

*Yamashita v. LG Chem, Ltd.*,
   62 F.4th 496 (9th Cir. 2023) ....................................................8, 9, 13, 14, 15, 16, 17

**Statutes**

Cal. Civ. Proc. Code § 410.10 ...................................................................................... 8

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

## I.     INTRODUCTION

Plaintiff Vanessa West alleges claims for strict liability, negligence, and negligent failure to warn regarding a purported "manufacturing and design defect" in certain drain valves that Defendant Melet Plastics Inc., a Canadian company, manufactured and sold to Defendant Rheem Manufacturing Co., which in turn used the valves in some of its water heaters—including, allegedly, the one in Plaintiff's home.  Dkt. 38 ¶ 68.  But Melet lacks sufficient contacts with California necessary to subject it to personal jurisdiction here.  There is no general jurisdiction because Melet is not incorporated, headquartered, or otherwise at home in California.  And Melet's limited contacts with California are insufficient to establish specific jurisdiction for Plaintiffs' claims.  As a component manufacturer, Melet took no independent action to purposefully avail itself of California's market or its consumers.  And even if that were not the case, it would be unreasonable to subject Melet to personal jurisdiction in California given that it is a foreign defendant with only incidental California contacts.  The Court should therefore dismiss Plaintiff's Complaint against Melet for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2).

## II.     BACKGROUND

Plaintiff alleges that she bought her home in November 2020, and that "[a]s part of that transaction . . . the home's water heater was replaced with a Rheem water heater" containing a Melet drain valve.  Dkt. 38 ¶¶ 25, 27.  Plaintiff asserts that on October 26, 2023, that drain valve failed and caused flooding in her water heater closet and adjoining areas in her home.  *Id.* ¶ 27.  Plaintiff brings three claims against both Rheem and Melet: (1) strict liability for a manufacturing and design defect and failure to warn; (2) negligence; and (3) negligent failure to warn.  Dkt. 38 ¶¶ 78–100.

Plaintiff asserts that Melet maintains a principal place of business in North Dakota and sells its component parts online and in "traditional brick-and-mortar retail stores." Dkt. 38 ¶ 32.  In fact, Melet is a Canadian company that does not market or sell the component parts it makes directly to end consumers.  Fenton Decl. ¶¶ 3, 5, 7.  Melet

Gibson, Dunn & Crutcher LLP

6

supplies those parts to companies like Rheem that manufacture, market, and sell completed products to consumers, including in the United States. *Id.* ¶¶ 6, 8.

Melet supplies, among other things, plastic drain valves to Rheem, which Rheem incorporates into water heaters it sells nationwide. Fenton Decl. ¶ 10; Dkt. 38 ¶ 34. Through July 2020, Melet shipped these valves to Rheem's assembly plants in Alabama and Mexico (through a Rheem-designated freight-forwarding company in Calexico, California). Fenton Decl. ¶¶ 10–11. Since August 2020, Melet no longer ships any parts to Rheem's facilities. *Id.* ¶ 10. Instead, Rheem takes title of the drain valves (and all other Melet parts sold to Rheem) in Winnipeg and organizes the shipping of these valves from Melet's Canadian facilities. *Id.* Melet has never played any part in Rheem's distribution or sale of water heaters or water heater parts through online or retail stores in California or any other state. *Id.* ¶ 13.

## III.  LEGAL STANDARD

When a defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). In bringing a Rule 12(b)(2) motion, the defendant is not confined to the allegations in the complaint; rather, it may introduce evidence bearing on the question of personal jurisdiction. *See Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008); *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). If the defendant presents evidence controverting the complaint's jurisdictional allegations, the plaintiff cannot defeat the motion by relying on her pleading alone; she must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

## IV.  ARGUMENT

This Court should dismiss all claims against Melet for lack of personal jurisdiction. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

California's long-arm statute allows courts to exercise personal jurisdiction over defendants to the extent permitted by the Due Process Clause of the United States Constitution. Cal. Civ. Proc. Code § 410.10; *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1484 (9th Cir. 1993). "For a court to exercise personal jurisdiction over a nonresident defendant" without violating due process, "that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

Personal jurisdiction can be general or specific, depending on "the quantity and quality of contacts that the defendant has with the state." *LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 859 (9th Cir. 2022). Here, however, Plaintiff fails to allege any facts that would establish personal jurisdiction in California under either theory, and the actual facts demonstrate that this Court cannot exercise personal jurisdiction over Melet consistent with due process.

**A.    Melet is not subject to general jurisdiction in California.**

Nothing alleged in the Complaint (and nothing that could be alleged) establishes general jurisdiction over Melet in California. "A court may assert general jurisdiction over foreign . . . corporations to hear any and all claims against them when their affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (quotation marks omitted). A corporation is typically "at home" only in "its place of incorporation and principal place of business." *Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 503 (9th Cir. 2023).

Melet is not incorporated in California, and its principal place of business is not here either. Rather, Melet is a Canadian company, incorporated under the laws of Canada with its headquarters, factory, and principal place of business in Winnipeg. Fenton Decl. ¶ 3.

Gibson, Dunn & Crutcher LLP

8

Plaintiff alleges that Melet "maintained a principal place of business" in North Dakota. Dkt. 38 ¶ 32. Plaintiff appears to confuse Melet Plastics Inc. (the Defendant in this action) with Melet Plastics Corp.—a separate entity that used to operate facilities in North Dakota. Although Defendant Melet and non-party Melet Plastics Corp. shared common ownership until March 2022, the two entities operated independently. Fenton Decl. ¶ 4. Moreover, Melet Plastics Corp.'s operations were acquired in 2022, the North Dakota facility was sold, and the company subsequently closed. *Id*. And even before that happened, non-party Melet Plastics Corp. had nothing to do with the manufacturing or sale to Rheem of the drain valve at issue in this case. *Id*. And, of course, even if Melet's principal place of business were in North Dakota, that would still be insufficient to subject Melet to general jurisdiction in California. *See Yamashita*, 62 F.4th at 503.

In short, there are no facts that would indicate Melet is "at home" in California and, therefore, a California court cannot exercise general jurisdiction over Melet.

**B.    Melet is not subject to specific jurisdiction.**

Plaintiff similarly alleges no facts that would allow this Court to exercise specific jurisdiction over Melet, and the additional facts that Melet offers in support of this motion confirm that specific jurisdiction is lacking.

"In contrast to general jurisdiction, specific jurisdiction covers defendants that are less intimately connected with a state, but that have sufficient minimum contacts with the state that are relevant to the lawsuit." *LNS Enters.*, 22 F.4th at 859; *see also Bristol-Myers Squibb Co. v. Super. Ct.*, 582 U.S. 255, 262 (2017) ("In order for a state court to exercise specific jurisdiction, the suit must aris[e] out of or relat[e] to the defendant's contacts with the forum." (quotation marks omitted)). The Ninth Circuit employs a three-part test to determine whether a defendant's minimum contacts satisfy due process. First, "[t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *LNS Enters.*, 22 F.4th

Gibson, Dunn & Crutcher LLP

at 859.  Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities."  *Id.*  And third, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable."  *Id.*

Plaintiff bears the burden of establishing the first two prongs.  *LNS Enters.*, 22 F.4th at 859.  Only after she sufficiently demonstrates both does the burden shift to Melet to show that exercising personal jurisdiction would be unreasonable.  *Id.*; *see also Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995).  Plaintiff cannot meet her burden, and even if she could, Melet demonstrates why exercising jurisdiction over it in California would be unreasonable.

### 1.  Melet did not purposefully avail itself of the privileges of conducting business in California.

Plaintiff alleges nothing that would allow this Court to conclude that Melet purposefully availed itself of the privileges of conducting business in California.  Purposeful availment means a defendant "take[s] deliberate action within the forum state or . . . create[s] continuing obligations to forum residents."  *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  This purposeful action "must create a substantial connection with the forum State."  *LNS Enters.*, 22 F.4th at 859.  Merely placing a product into the stream of commerce is insufficient to meet this standard.  *Id*. at 860.

First, Plaintiff's vague and conclusory allegations lumping together Rheem's and Melet's actions in California are insufficient to establish purposeful availment by Melet itself.  For example, Plaintiff alleges that "*Defendants* . . . have intentionally availed themselves of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State."  Dkt. 38 ¶ 22 (emphasis added).  She also alleges that "*Defendants*, and each of them, conduct substantial business in this State and throughout the United States, including through the sale and distribution of the Class Products which can be purchased at stores such as Home Depot and Walmart, and on-line through Amazon.com."  *Id*. ¶ 34 (emphasis added).  This conclusory group pleading is far from sufficient to establish

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

Melet's purposeful availment.

For example, in *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986), the Ninth Circuit held that personal jurisdiction was lacking, and in so doing noted that the complaint's only reference to the defendants' contacts was a "nonspecific conclusory statement" that "the claim arose in this district, and/or each defendant resides, is found, has an agent and/or transacts his affairs in this district." Here, Plaintiff's jurisdictional allegations are similarly nonspecific—she asserts that Defendants "market[] and sell[] products and services," "accept[] and process[] payments," and "conduct substantial business" in "this State." *See* Dkt. 38 ¶¶ 22, 34.

Plaintiff also conflates Rheem's and Melet's purported conduct, violating the basic principle in any jurisdictional inquiry that "[e]ach defendant's contacts with the forum State must be assessed individually." *Calder v. Jones*, 465 U.S. 783, 790 (1984); *see also Walden v. Fiore*, 571 U.S. 277, 285 (2014) ("[I]t is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); *Rush v. Savchuk*, 444 U.S. 320, 332 (1980) (stating that minimum contacts "must be met as to each defendant over whom a state court exercises jurisdiction"). Even if the Court assumes the jurisdictional allegations in the Complaint are true as to one defendant, a plaintiff cannot establish personal jurisdiction over both collectively by "aggregating" forum contacts. *Rush*, 444 U.S. at 331. Adopting Plaintiff's approach to jurisdiction would be "plainly unconstitutional." *Id.* at 332.

Evaluated independently, as the law requires, Melet's actual contacts with California come nowhere close to establishing that Melet "deliberately reached out beyond its home" into California "by, for example, exploi[ting] a market" in California, "entering a contractual relationship centered there," maintaining an "office, agents, employees or property in California," advertising to California, or participating in distribution systems that bring its parts to California. *See Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 359 (2021) (quotation marks and citations omitted);

Gibson, Dunn & Crutcher LLP

11

*Asahi Metal Indus. Co. v. Super. Ct.*, 480 U.S. 102, 112 (1987) (plurality opinion).

Melet is a Canadian company that makes made-to-order plastic component pieces for use by other manufacturers, who integrate the Melet components into products that those other manufacturers then sell to consumers. Fenton Decl. ¶¶ 3, 6. Melet does not sell its parts to end customers in California or anywhere else. *Id.* ¶ 7. It has no office, agents, employees, or property in California. *Id.* ¶ 5. Once Melet delivers the drain valves to Rheem, it has no role in determining *where* Rheem integrates those valves into its water heaters, or more importantly *where* Rheem sells those water heaters to consumers. *Id.* ¶¶ 7, 13. Melet does not invoice Rheem in California for the drain valves that Rheem buys from it. *Id.* ¶ 9; Exhibit A (showing invoice billed to "Rheem Sales Company Inc." in Atlanta, Georgia). And Melet does not advertise to manufacturers or end customers in California. Fenton Decl. ¶¶ 5, 7; *see World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295 (1980) (finding no personal jurisdiction where the record failed to show that defendant attempted to "serve or seek to serve" the forum state market).

Plaintiff cannot establish that Melet purposefully availed itself of the privileges of doing business in California by pointing to Melet's contractual relationship with Rheem. To start, Melet's relationship with Rheem cannot possibly be characterized as one "centered" in California. *Ford*, 592 U.S. at 359. Melet is a Canadian company, Fenton Decl. ¶ 3, and Rheem is based in Atlanta, Georgia, Dkt. 38 ¶ 33. Rheem's employees based in Georgia, Alabama, North Carolina, and Mexico place drain-valve orders with Melet's employees in Canada. Fenton Decl. ¶ 8. Melet manufactures those drain valves entirely in Canada. *Id*. Melet's Canadian employees then invoice Rheem's offices in Georgia or Alabama for payment. *Id.* ¶ 9.

Melet's and Rheem's only interactions regarding water heater drain valves that involve California are as follows: Before August 2020, Melet shipped a portion of the drain valves to Rheem's manufacturing facility in Mexico, but because of regulations at the border, Melet first had to send the valves to a Rheem-designated freight-forwarding

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

company in the border town of Calexico, California; the freight-forwarding company then physically took the drain valves across the border and delivered them to Rheem's facility in Mexico. Fenton Decl. ¶ 11, Exhibit A. Since August 2020, Melet no longer ships drain valves to Rheem at all. *Id.* ¶ 10. Rather, Rheem takes title of the drain valves at Melet's factory in Winnipeg. *Id.* Melet's only role in the process is to manufacture the drain valves—in Canada—and coordinate with Rheem's shipping logistics company to arrange for pickup. *Id.*

Melet's shipping of the drain valves to Rheem's facility in Mexico before August 2020—with a temporary stop-over in California at the border—does not support a finding of personal jurisdiction over Melet. For example, in *J.D. Equipment, LLC v. Acme Life Co., LLC*, 2013 WL 1499310, at *2 (W.D. Wash. Apr. 10, 2013), the defendant, an Arizona company, shipped a forklift to the port of Seattle en route to Hawaii. The court held that "the fact that Washington was used as a pass-through conduit [did] not warrant a finding of personal jurisdiction over" the defendant. *Id*. at *6. The court reasoned that "once the forklift was shipped, [the defendant] ha[d] neither engaged in any additional conduct directed at Washington nor created continuing obligations between itself and residents of the forum state." *Id*. Here too, Calexico was a pass-through conduit for Melet when exporting the drain valves into Mexico. Melet shipped the valves directly to a freight-forwarding company located on the California-Mexico border, knowing that the border town was a temporary stop before the parts arrived at their ultimate destination: Rheem's facility in Mexico. Fenton Decl. ¶ 11, Ex. A. As in *J.D. Equipment*, this type of limited, temporary contact with California does not warrant a finding of purposeful availment.

It is also irrelevant that *Rheem* marketed and sold water heaters in California, even if some of those water heaters contained parts made by Melet. The "[u]nilateral activity of another party or a third person does not suffice" to establish purposeful availment. *Yamashita*, 62 F.4th at 503 (quotation marks omitted). In *Walden*, the Supreme Court emphasized that when analyzing minimum contacts for the purpose of personal

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

jurisdiction, "it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State." 571 U.S. at 291. The fact that *Rheem* includes California in its national sales strategy cannot create personal jurisdiction in California for *Melet* without some intentional conduct here by Melet.

All Melet did here was sell drain valves to Rheem, putting the Melet parts into the stream of commerce, and then Rheem decided what to do with them. The Ninth Circuit has held that "[p]lacing 'a product into the stream of commerce'—even if the defendant is aware 'that the stream of commerce may or will sweep the product into the forum state'—'does not convert the mere act of placing the product into the stream of commerce into an act' of purposeful availment." *LNS Enters.*, 22 F.4th at 860 (quoting *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 459 (9th Cir. 2007)). Something more affirmative in California is required. *See Yamashita*, 62 F.4th at 503 ("Under our circuit's law, '[t]he placement of a product into the stream of commerce, without more, is not an act purposefully directed toward a forum state,' even if the defendant is 'aware[ ] that the stream of commerce may or will sweep the product into the forum state.'" (quoting *Holland Am. Line Inc.*, 485 F.3d at 459)). But there is nothing else here.

The facts here are also strikingly similar to those in *Asahi*. There, the Supreme Court decided whether a foreign component part manufacturer (Asahi) that made tire valves could be sued in California, where a motorcycle tire integrating Asahi's valve exploded. *Asahi Metal Indus. Co.*, 480 U.S. at 106. In a plurality opinion rejecting personal jurisdiction over Asahi, Justice O'Connor, joined by three justices, explained that, even assuming the plaintiffs had "established Asahi's awareness that some of the valves sold . . . would be incorporated into tire tubes sold in California, [plaintiffs] have not demonstrated any action by Asahi to purposefully avail itself of the California market." *Id.* at 112. The opinion emphasized that "Asahi does not do business in California. It has no office, agents, employees, or property in California. It does not advertise or otherwise solicit business in California. It did not create, control, or employ

Gibson, Dunn & Crutcher LLP

14

the distribution system that brought its valves to California." *Id*.

All of that is also true for Melet.  Like Asahi, Melet has no offices, personnel, or property in California.  It does not sell products in California.  It does not advertise or otherwise seek to do business in California.  And importantly, just like Asahi, Melet is completely detached from the distribution channels and retail relationships that brought the Rheem water heaters (containing Melet parts) to California.  Fenton Decl. ¶ 13.  So even if Melet could have foreseen that Rheem would sell some water heaters in the California market, that foreseeability is not enough for personal jurisdiction.  And there is nothing else.

### 2.    Melet's contacts with California are not sufficiently connected to Plaintiff's claims.

Even if the Court determines that Melet's limited contacts with California were sufficient to find purposeful availment, it would still be improper to assert personal jurisdiction over Melet because its contacts with California are not sufficiently connected to Plaintiff's claims.

A non-resident defendant "cannot be subject to specific personal jurisdiction [in a forum state] unless [a plaintiff's] injuries arise out of or relate to [the defendant's] contacts" with the state.  *Yamashita*, 62 F.4th at 504 (quotation marks omitted); *see also Walden*, 571 U.S. at 284 ("[T]he defendant's *suit-related conduct* must create a substantial connection with the forum State." (emphasis added)).  "'[A]rise out of' and 'relate to' are alternatives: for a claim to arise out of a defendant's forum contacts requires causation, while a claim can relate to those contacts, even absent causation, where, for example, 'a company . . . serves a market for a product in the forum State and the product malfunctions there.'"  *Yamashita*, 62 F.4th at 504–05 (quoting *Ford Motor Co.*, 592 U.S. at 363).  Here, Melet's contacts satisfy neither alternative.

Plaintiff cannot show that her alleged injury "arises out of" Melet's California contacts because there is no causal link between those contacts and the purported harm.  Causation requires "a direct nexus . . . between [a defendant's] contacts and the cause of

Gibson, Dunn & Crutcher LLP

15

action." *In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716, 742 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc*., 575 U.S. 373 (2015).  Plaintiff asserts claims stemming from her use of a Rheem water heater that someone allegedly purchased from Home Depot.  But none of the facts underlying her claims regarding the creation, marketing, and sale of Rheem water heaters have anything to do with *Melet*'s activity *in California*.  Certainly none of the harms she allegedly incurred were caused by Melet's shipping arrangement with Rheem through August 2020, which Plaintiff does not even mention in her Complaint.  There is no "direct nexus" between a water heater failing and the fact that Melet used to ship a portion of its drain valves to Rheem's manufacturing facility in Mexico, and along the way the parts stopped at a California border town.

For the same reasons, Plaintiff cannot demonstrate that her alleged injury "relates to" Melet's limited California contacts.  The Ninth Circuit requires "a close connection between contacts and injury" to find relatedness.  *Yamashita*, 62 F.4th at 506.  "[G]eneral connections with the forum are not enough." *Bristol-Myers Squibb*, 582 U.S. at 264.  In *Yamashita*, the Ninth Circuit analyzed whether a defendant's contacts with Hawaii, which consisted of shipping batteries to and through Honolulu, were sufficiently related to product liability claims for injuries the plaintiff allegedly sustained when a battery exploded.  *Yamashita*, 62 F.4th at 506.  The court analyzed the question of relatedness in light of the Supreme Court's decision in *Ford Motor Co.*, 592 U.S. 351, and ultimately rejected personal jurisdiction on relatedness grounds.  The court reasoned that "*Ford* found specific jurisdiction because Ford sold the relevant models to consumers in the forum states, not because it shipped raw materials, or even completed cars, through those states." *Yamashita*, 62 F.4th at 506.

Similarly, in *Mendoza v. Electrolux Home Prods., Inc*., 2022 WL 4082200, at *17 (E.D. Cal. Sept. 6, 2022), the court declined to exercise personal jurisdiction over a defendant who shipped goods through California because the plaintiffs "provided no authority suggesting that the mere shipment of products through a port in the forum state

Gibson, Dunn & Crutcher LLP

16

is a sufficient affiliation between the forum and the underlying controversy."

The reasoning of *Yamashita* and *Mendoza* applies here. Melet's erstwhile shipping of component parts through California on their way to Mexico is not sufficiently related to claims arising from the use of a Rheem water heater that someone allegedly bought at a Home Depot in California. To find otherwise would render any company that ships goods within the United States subject to personal jurisdiction for product-liability claims in each state that its delivery trucks happen to travel through on the way to their ultimate destination. Such a rule would be contrary to law and common sense.

In short, Plaintiff's claims have nothing to do with the fact that Melet's valves passed briefly through California on their way to Mexico, where Rheem incorporated them into a water heater that later ended up in Plaintiff's home in California. Rather, like in *Yamashita*, where the court reasoned that shipping raw goods through a state was not sufficiently related to product claims for consumer goods containing those raw materials, Melet's shipment of a valve that Rheem incorporated into its own consumer product does not sufficiently relate to claims stemming from an alleged purchase and use of the finished product. "When there is no such connection" between a defendant's actual forum contacts and the underlying controversy, "specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 582 U.S. at 264. Plaintiff cannot show that Melet's activities are closely connected to her claims and therefore California has no personal jurisdiction. *See Yamashita*, 62 F.4th at 506.

**3.    Exercising jurisdiction over Melet in California would be unreasonable.**

Plaintiff cannot meet her burden under the first two prongs of the test for exercising specific personal jurisdiction, either of which is dispositive. But if the Court considers the third prong, it should find that exercising personal jurisdiction over Melet would be unreasonable.

The Ninth Circuit balances seven factors when analyzing whether it is reasonable to exercise personal jurisdiction over an out-of-state defendant: "(1) the extent of a defendant's purposeful interjection; (2) the burden on the defendant in defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1323 (9th Cir. 1998) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–77 (1985)). "No one factor is dispositive; a court must balance all seven." *Id.*

Applying these factors here demonstrates that it would be unreasonable and would violate due process to exercise personal jurisdiction over Melet. Melet's connection to California is negligible at best, and Melet is not involved in Rheem's marketing or sales of water heaters in California. Fenton Decl. ¶¶ 5, 7, 13. Yet, forcing Melet to litigate in California would impose a heavy burden on it, given that Melet is at home in Canada and incorporated under the laws of Canada, with no offices, employees, or regular activities in California. *Id.* ¶¶ 3, 5. "These burdens are substantial" because an out-of-state defendant "must generally hire counsel and travel to the forum to defend itself" to avoid a default judgement, "may be forced to participate in extended and often costly discovery," must comply with the foreign court's judgement, and "may also face liability for court costs and attorney's fees." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 808 (1985). While California has a general interest in providing redress to residents, it does not have a greater interest than any of the other 49 states where Rheem sells water heaters.

## V. CONCLUSION

The Court should dismiss all claims against Melet for lack of personal jurisdiction.

Gibson, Dunn &
Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

DATED:  March 28, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By:  */s/ Kahn A. Scolnick*
Kahn A. Scolnick

*Attorneys for Defendant*
*Melet Plastics Inc.*

Gibson, Dunn & Crutcher LLP

MEMO. OF POINTS AND AUTHORITIES ISO MELET PLASTICS INC.'S MOTION TO DISMISS
CASE NO. 2:24-cv-09686-CAS-MAA

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Melet Plastics Inc., certifies that this motion contains 4,538 words, excluding the portions exempted by and complying with Local Rule 11-6.1.

Dated:  March 28, 2025

By:  /s/ *Kahn A. Scolnick*
       Kahn A. Scolnick

Gibson, Dunn & Crutcher LLP

20