1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **COLE & VAN NOTE**
   555 12th Street, Suite 2100
3  Oakland, California 94607
   Telephone:   (510) 891-9800
4  Email: sec@colevannote.com
   Email: lvn@colevannote.com
5
   Ronald W. Armstrong, II (TX S.B. #24059394)*
6  **THE ARMSTRONG FIRM, PLLC**
   109 Yoalana St, Suite 210
7  Boerne, Texas 78006
   Telephone:   (210) 277-0542
8  Email: rwaii@tafpllc.com
9  *Admitted Pro Hac Vice*
10 Attorneys for Representative Plaintiff
   and the Plaintiff Class
11
12           **UNITED STATES DISTRICT COURT**
13           **CENTRAL DISTRICT OF CALIFORNIA**
14
15 VANESSA WEST, individually, and       **Case No. 2:24-cv-09686-CAS-MAA**
   on behalf of all others similarly
16 situated,                             **CLASS ACTION**
17                         Plaintiff,    **PLAINTIFF'S MOTION FOR**
   v.                                    **ATTORNEYS' FEES AND COSTS,**
18                                       **AND SERVICE AWARD**
   RHEEM MANUFACTURING
19 COMPANY, and MELET                    Date:      May 11, 2026
   PLASTICS, INC.,                       Time:      10:00 a.m.
20                                       Ctrm.:     8D
                         Defendants.     Judge:     Hon. Christina A. Snyder
21
22
23
24
25
26
27
28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**:

**PLEASE TAKE NOTICE THAT**, on May 11, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8D of the United States District Court for the Central District of California, located at the United States Courthouse, 350 W. First Street, 8th Floor, Los Angeles, California 90012, before the Honorable Christina A. Snyder, Representative Plaintiff Vanessa West will and hereby does apply to this Court for an Order (1) granting Attorneys' Fees and Costs, and (2) granting the request for a Service Award for Representative Plaintiff.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declarations of Scott Edward Cole and Ronald Armstrong in support of this Motion and exhibits thereto, the Declaration of Representative Plaintiff and such other oral argument and documentary evidence as may be presented to the Court at the hearing on this Motion.

Date: January 30, 2026

**COLE & VAN NOTE**

*/s/ Scott Edward Cole*
Scott Edward Cole

**THE ARMSTRONG FIRM, PLLC**

*/s/ Ronald W. Armstrong, II*
Ronald W. Armstrong, II

Attorneys for Representative
Plaintiff and the Plaintiff Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     BACKGROUND ......................................................................................... 1

    A.      The Product at Issue and the Commencement of Litigation ..................... 1

    B.      The Parties Conducted Extensive Discovery ............................................ 2

    C.      Settlement Negotiations and Mediation .................................................... 3

    D.      Preliminary Approval ................................................................................ 4

III.    SETTLEMENT ADMINISTRATION ....................................................... 4

IV.     ARGUMENT ............................................................................................... 5

    A.      The Court Should Grant the Attorneys' Fees ........................................... 5

        1.      The Settlement Provides a Remarkable Recovery for Settlement
                Class Members ..................................................................................... 6

        2.      The Fee is Warranted Under the Lodestar Approach ........................... 7

            i.      The Number of Hours Claimed Is Reasonable ............................... 7

            ii.     The Hourly Rates Are Reasonable ................................................. 9

            iii.    A Positive Multiplier Is Justified ................................................. 10

        3.      The Fee is Warranted Under the Percentage Method .......................... 13

        4.      The Attorneys' Fee Is the Product of Arm's-Length
                Negotiation ......................................................................................... 14

        5.      The Fee Amount Is Comparable to Attorneys' Fees Awarded
                in Other Cases .................................................................................... 15

    B.      Class Counsel are Entitled to Reimbursement of Litigation Costs .......... 15

    C.      The Court Should Approve the Service Awards ...................................... 16

V.      CONCLUSION .......................................................................................... 17

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

# TABLE OF AUTHORITIES

**Cases**

*Adoma v. Univ. of Phx., Inc.*
(E.D.Cal. 2012) 913 F. Supp. 2d 964 ..................................................... 14

*Adtrader, Inc. v. Google LLC*
(N.D.Cal. Mar. 16, 2020) No. 17-cv-07082-BLF, 2020 U.S. Dist. LEXIS
71654 ............................................................................................................ 10

*Banas v. Volcano Corp.*
(N.D.Cal. 2014) 47 F. Supp. 3d 957 ..................................................... 10

*Barbano v. JP Morgan Chase Bank, N.A.*
(C.D.Cal. Oct. 18, 2021, No. EDCV 19-1218 JGB (SPx)) 2021 U.S.Dist.
LEXIS 204354 ................................................................................................ 6

*Barbosa v. Cargill Meat Sols. Corp.*
(E.D.Cal. 2013) 297 F.R.D. 431 ........................................................... 13

*Blum v. Stenson*
(1984) 465 U.S. 886 .................................................................................. 9

*Camacho v. Bridgeport Fin., Inc.*
(9th Cir. 2008) 523 F.3d 973 ................................................................... 9

*Caudle v. Bristow Optical Co.*
(9th Cir. 2000) 224 F.3d 1014 ................................................................. 8

*City of Burlington v. Dague*
(1992) 505 U.S. 557 ............................................................................... 12

*City of Riverside v. Rivera*
(1986) 477 U.S. 578 .................................................................................. 5

*Fischel v. Equitable Life Assur. Soc'y of the United States*
(9th Cir. 2002) 307 F.3d 997 ................................................................... 6

*Fischel v. Equitable Life Assurance Soc'y*
(9th Cir. 2002) 307 F.3d 997 .............................................................. 7, 11

*Fleming v. Impax Lab'ys Inc.*
(N.D.Cal. July 15, 2022, No. 16-cv-06557-HSG) 2022 U.S.Dist.LEXIS
125595 ........................................................................................................ 10

*G. F. v. Contra Costa Cnty.*
(N.D.Cal. July 30, 2015, No. 13-cv-03667-MEJ) 2015 U.S.Dist.LEXIS
100512 ........................................................................................................ 15

*Gusman v. Unisys Corp.*
(7th Cir. 1993) 986 F.2d 1146 ............................................................... 10

*Hanlon v. Chrysler Corp.*
(9th Cir. 1998) 150 F.3d 1011 ............................................................... 11

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

MOTION FOR ATTORNEYS' FEES AND COSTS & SERVICE AWARD
Case No. 2:24-cv-09686-CAS-MAA

*Harris v. Marhoefer*
  (9th Cir. 1994) 24 F.3d 16....................................................................16

*Hensley v. Eckerhart*
  (1983) 461 U.S. 424 ...........................................................................6

*Hollifield v. Directv*
  (C.D.Cal. Mar. 14, 2017) No. CV 14-7622-MWF (MRWx), 2017 U.S. Dist.
  LEXIS 235061 ....................................................................................10

*In re Animation Workers Antitrust Litig.*
  (N.D.Cal. Nov. 11, 2016) 2016 U.S. Dist. LEXIS 156720 ...............10

In re Experian Data Breach Litigation
  (C.D.Cal. May 10, 2019, No. SACV 15-01592 AG (DMFx)) 2019 U.S. Dist.
  LEXIS 81243.......................................................................................15

*In re Omnivision Techs., Inc.*
  (N.D.Cal. 2008) 559 F. Supp. 2d 1036 ........................................11, 12

*In re Pac. Enters. Secs. Litig.*
  (9th Cir. 1995) 47 F.3d 373................................................................13

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*
  (N.D.Cal. Mar. 17, 2017) No. 2672 CRB (JSC), 2017 U.S. Dist.
  LEXIS 39115......................................................................................11

*In re Washington Pub. Power Supply Sys. Sec. Litig.*
  (9th Cir. 1994) 19 F.3d 1291..............................................................12

*In re: Wash. Pub. Power Supply Sys. Secs. Litig.*
  (9th Cir. 1994) 19 F.3d 1291..............................................................13

*Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*
  (9th Cir. 2011) 654 F.3d 935.......................................................passim

*Kerr v. Screen Extras Guild, Inc.*
  (9th Cir. 1975) 526 F.2d 67................................................................12

*Mondrian v. Trius Trucking, Inc.*
  (E.D.Cal. Oct. 6, 2022, No. 1:19-cv-00884-ADA-SKO) 2022 U.S.Dist.
  LEXIS 184152 ....................................................................................14

*Moore v. James H. Matthews & Co.*
  (9th Cir. 1982) 682 F.2d 830................................................................9

*Moreno Valley Unified Sch. Dist.*
  (C.D.Cal. Oct. 3, 2025) No. EDCV 21-0194 JGB (SPx), 2025 U.S. Dist.
  LEXIS 213251 ....................................................................................10

*Morris v. Lifescan, Inc.*
  (9th Cir. 2003) 54 F. App'x 663 .........................................................13

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Palacios v. Penny Newman Grain, Inc.*
(E.D.Cal. July 2, 2015, No. 1:14-cv-01804-KJM-SAB) 2015 U.S.Dist.
LEXIS 87457 ...................................................................................................14

*Peterson v. BSH Home Appliances Corp.*
(W.D.Wash. June 13, 2024) No. 2:23-cv-00543-RAJ, 2024 U.S. Dist.
LEXIS 105624 .................................................................................................15

*Rodriguez v. W. Publ'g Corp.*
(9th Cir. 2009) 563 F.3d 948 .........................................................................16

*Satchell v. Fed. Express Corp.*
(N.D.Cal. Apr. 13, 2007, No. C03-2659 SI) 2007 U.S.Dist.LEXIS 99066 .........15

*Silicon Genesis Corp. v. Ev Grp. E.Thallner GmbH*
(N.D.Cal. Apr. 15, 2024) No. 22-cv-04986-JSC, 2024 U.S. Dist. LEXIS
68331 ...............................................................................................................10

*Stanger v. China Elec. Motor, Inc.*
(9th Cir. 2016) 812 F.3d 734 .........................................................................11

*Staton v. Boeing Co.*
(9th Cir. 2003) 327 F.3d 938 .........................................................................16

*Stetson v. Grissom*
(9th Cir. 2016) 821 F.3d 1157 .............................................................7, 11, 12

*Swain v. Anders Grp., LLC*
(E.D.Cal. Oct. 5, 2022, No. 1:21-cv-00197-SKO) 2022 U.S.Dist.LEXIS
183346 .............................................................................................................14

*Van Vranken v. Atlantic Richfield Co.*
((N.D.Cal. 1995) 901 F. Supp. 294 .................................................................11

*Viceral v. Mistras Grp., Inc.*
(N.D.Cal. Feb. 17, 2017, No. 15-cv-02198-EMC) 2017 U.S.Dist.LEXIS
23220 ...............................................................................................................16

*Vizcaino v. Microsoft Corp.*
(9th Cir. 2002) 290 F.3d 1043 ............................................................11, 13, 15

*Walsh v. Kindred Healthcare*
(N.D.Cal. Dec. 16, 2013) No. C 11-00050 JSW, 2013 U.S. Dist. LEXIS
176319 .............................................................................................................15

**Other Authorities**

Federal Judicial Center, *Manual for Complex Litigation*, § 27.71 (4th ed. 2004) ....6

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

## I.    INTRODUCTION

On November 25, 2025, this Court preliminarily approved the Settlement between Plaintiff and Defendants Rheem Manufacturing Company and Melet Plastics, Inc. (collectively, "Defendants"), and ordered that notice be given to the Class. The Settlement negotiated on behalf of the Class provides a multifaceted and robust relief for Class Members whether or not they already experienced property damage or incurred other out-of-pocket expenses due to a Class Product failure. Specifically, Defendants will provide compensation in the form of: (1) either a two-year extended warranty program for parts or a one-year extended warranty program for parts and labor, (2) a brass valve replacement option and/or (3) Documented Loss Reimbursement (subject to a $500,000 aggregate cap). Each of these benefits is designed to make Class Members whole for issues traceable to the alleged defect and to address Class Member concerns going forward.

This is an excellent Settlement of a risky and complex matter that provides substantial relief for Class Members. As discussed further in this Motion, the parties arrived at the Settlement after significant litigation, including discovery and months of contentious settlement negotiations. The matter was ultimately settled following a full day of mediation with Honorable Philip S. Gutierrez (Ret.) of JAMS.

Pursuant to the terms of the preliminarily approved Settlement Agreement, Plaintiff requests the Court grant (a) $ 950,000 in attorneys' fees and costs based on Class Counsel's extensive work in prosecuting this case and delivering an excellent Settlement and (b) a Service Award of $5,000 to the Representative Plaintiff.

## II.    BACKGROUND

### A. The Product at Issue and the Commencement of Litigation

This class action arises out of Rheem Manufacturing Company's design, manufacture, and sale of allegedly defective water heater drain valves to Plaintiff and other similarly situated individuals. Like many Class Members who made claims to their insurance carriers for reimbursement, within a modest time after its

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1   acquisition, Plaintiff's water heater drain valve failed and flooded portions of her
2   home.

3   Through its supplier, Melet, Rheem formulates, designs, manufactures,
4   assembles, tests, labels, markets, advertises, warrants, and/or offers for distribution
5   and sale drain valves which are used to discharge water and sediment from
6   household water heaters. The drain valves at issue in this lawsuit were manufactured,
7   at least between 2019 and 2023. These drain valves incorporate a rubber seal and
8   plastic stem which Plaintiff alleges, due to their chemical composition, prematurely
9   decay, fracture, and fail when used in most chlorine and/or chlorimide treated water
10  supplies. If true, they are undoubtedly unsuitable for their intended purpose.

11  As a result of the alleged defects, on October 26, 2023, Plaintiff experienced
12  damage when the drain valve integrated into her Rheem water heater failed and
13  caused flooding damage in her Woodland Hills home. And, while some of the costs
14  associated with Plaintiff's experience were covered by insurance, she remains out-
15  of-pocket for a portion of her insurance deductible, for her lost time and opportunity
16  costs, and for other special damages not covered by insurance.

17  On November 8, 2024, Plaintiff filed a class action complaint in this United
18  States District Court, alleging that Defendants Rheem and Melet knew or certainly
19  should have known of the latent defects in the millions of drain valves these
20  companies placed into American commerce for years. (*See*, ECF No. 1.) On
21  February 25, 2025, Plaintiff filed the operative First Amended Complaint after the
22  Court held a hearing on February 3, 2025, and issued its ruling, granting in part and
23  denying in part Rheem's Motion to Dismiss. (*See*, ECF Nos. 38, 37.) After Melet
24  filed a Motion to Dismiss, the Court granted the parties' joint request to continue the
25  hearing on Melet's Motion and the Scheduling Conference to allow the parties to
26  finalize settlement discussions. (*See*, ECF Nos. 44, 48, 50.)

27  **B. The Parties Conducted Extensive Discovery**
28  Over the course of litigation and an entire year prior to filing, class counsel

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

did substantial work and devoted substantial resources to this case. (Cole Decl. ¶ 8; Armstrong Decl. ¶¶ 3-7, 43.) This included significant independent research, retention of appropriate experts, necessary product testing, engineering analysis of the products and evaluation of warranty and claim data, despite the significant risks associated with all such litigation. (Cole Decl. ¶ 8; Armstrong Decl. ¶¶ 17, 43.) Research included determining the relationship between the defendants, mapping out the history of that relationship and analyzing Defendants position in the water heater market. Additionally, Melet's status as a Canadian corporation when it relocated from South Dacota to Winnipeg posed multiple issues, including service of the pleadings and extensive minimum contacts analysis regarding Melet's distribution and supply chain in California. The minimum contacts analysis was critical as one of Melet's chief arguments in its Motion to Dismiss was that it "lack[ed] sufficient contacts with California necessary to subject it to personal jurisdiction here." (Dkt. No. 44-1, at 6.)

The parties engaged in a slew of informal discovery. Plaintiff's counsel has gathered sufficient and reliable information that was available regarding Defendants. Defendant produced evidence that allowed Counsel to understand the means and scope of the alleged defects, Defendants' sales of the products, warranty issues and options, the size and scope of the Class, etc. (Cole Decl. ¶ 25; Armstrong Decl. ¶ 19.) The parties also informally exchanged non-public information in preparation for a successful mediation. (*Id.*)

## C.  Settlement Negotiations and Mediation

The Parties engaged in extensive, arm's-length negotiations over the course of many months, including a full-day mediation session before experienced neutral, Honorable Philip S. Gutierrez (Ret.) of JAMS. (Cole Decl. ¶ 27; Armstrong Decl. ¶ 21.) Judge Gutierrez has extensive experience in mediating and resolving class actions similar to this matter. (*Id.*)

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

Ahead of the mediation session, parties prepared comprehensive mediation briefs and Class Counsel researched the connection between the defendants, their corporate governance and their solvency, researched and examined comparable settlements and previous litigation against Defendants, prepared class certification arguments, etc.—all with an aim toward preparing the matter for class certification as quickly as possible and/or reaching a mediated resolution of the matter. (Cole Decl. ¶ 28; Armstrong Decl. ¶ 22.)

Before any terms were negotiated, Representative Plaintiff had a thorough understanding of the composition of the Settlement Class, the nature of Defendants' anticipated defenses, the likely nature of arguments that would be advanced at class certification, summary judgment, and trial, and the complex technical issues surrounding the product defect. (Cole Decl. ¶ 28.)

On May 6, 2025, the parties commenced mediation with both sides represented by experienced counsel. (Cole Decl. ¶ 29; Armstrong Decl. ¶ 23.) Judge Gutierrez was successfully able to guide the parties to settlement. (*Id.*) Following the mediation, the parties engaged in numerous phone calls and emails with the mediator to solidify the class benefits, and while no clear sailing provision was sought or received, ultimately the parties agreed to $950,000 for attorneys' fees and costs. (*Id.*)

**D. Preliminary Approval**

On November 17, 2025, Class Counsel moved the Court to preliminarily approve the Settlement. (Dkt. No. 58.) On November 24, 2025, Class Counsel appeared before the Court, which then granted Class Counsel's Motion for Preliminary Approval. (Dkt. No. 64.)

## III. SETTLEMENT ADMINISTRATION

Class Counsel spent numerous hours obtaining and negotiating bids from well-established, experienced, and highly regarded class action administration firms. (Cole Decl. ¶ 33; Armstrong Decl. ¶ 24.) Class Counsel also collaborated on the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

-4-

MOTION FOR ATTORNEYS' FEES AND COSTS & SERVICE AWARD
Case No. 2:24-cv-09686-CAS-MAA

logistics and substance of the notice plan. (*Id.*) Representative Plaintiffs thus maximized the amount that would be available to the Class for payment of claims, by minimizing notice and administration costs, while ensuring that the notice and administration plan complies with all rules, guidelines, and due process requirements. (*Id.*)

Since the Preliminary Approval Order, Class Counsel worked closely with CPT Group, Inc. ("CPT") to ensure the notice and claims process has gone smoothly for Class Members. (Cole Decl. ¶ 31; Armstrong Decl. ¶ 25.) Class Counsel repeatedly audited the website to make sure it was correct and user-friendly, reviewed reports from, and conferred with, CPT about the progress of the notice and claims process, and responded to myriad inquiries from Class Members (*Id.*) Class Counsel have and will continue to expend significant efforts to ensure that the offered benefits reach Class Members. (Cole Decl. ¶ 61; Armstrong Decl. ¶ 59.)

Class Counsel will continue to expend significant efforts to communicate with Class Members, seek final approval of the Settlement, and respond to any criticism that may be filed, including potential appeals. (*Id.*) The lodestar presented to the Court in this Motion does not include the significant time that will be expended on such efforts.

## IV.    ARGUMENT

### A. The Court Should Grant the Attorneys' Fees

Public policy promotes granting attorneys' fees because "[t]he function of an award of attorney's fees is to encourage the bringing of meritorious . . . claims which might otherwise be abandoned because of the financial imperatives surrounding the hiring of competent counsel." (*City of Riverside v. Rivera* (1986) 477 U.S. 561, 578 (internal quotation marks and citations omitted).)

"The Court, in its discretion, may award attorneys' fees in a class action by applying either the lodestar method or the percentage-of-the-fund method." (*Barbano v. JP Morgan Chase Bank, N.A.* (C.D.Cal. Oct. 18, 2021, No. EDCV 19-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

1218 JGB (SPx)) 2021 U.S.Dist.LEXIS 204354, at *22.) (quoting *Fischel v.
Equitable Life Assur. Soc'y of the United States* (9th Cir. 2002) 307 F.3d 997,
1006).) As the Settlement "does not establish a common fund, the Court applies the
lodestar method here to determine whether the requested attorneys' fees are
reasonable." (*Id.*)

Whether applying the lodestar or percentage method, "the most critical factor
is the degree of success obtained." *Hensley v. Eckerhart* (1983) 461 U.S. 424, 436;
*see also (Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)* (9th
Cir. 2011) 654 F.3d 935, 942 ("Foremost among these considerations . . . is the
benefit obtained for the class."); Federal Judicial Center, *Manual for Complex
Litigation*, § 27.71, 336 (4th ed. 2004) ("[The] fundamental focus is on the result
actually achieved for class members.").)

### 1. The Settlement Provides a Remarkable Recovery for Settlement Class Members

Class Counsel's efforts generated an exceptional Settlement, which includes
(1) either a two-year extended warranty program for parts or a one-year extended
warranty program for parts and labor, (2) a brass valve replacement option and/or
(3) Documented Loss Reimbursement (subject to a $500,000 aggregate cap). (S.A.
¶ 3.1.) Based on Plaintiffs' expert's calculations, if all the purchasers of the Class
Products (8,792,586 individuals) opted for a two-year automatic warranty extension
and filed a claim, the value of Melet plastic drain valve replacements, at $9.48 each,
would amount to $83.4 million. (Cole Decl. ¶ 37; Armstrong Decl. ¶ 32.)

Based on Plaintiffs' expert's calculations, and that the one-year extended
warranty program is limited to the first 100,000 Class Members who request it,
Rheem will potentially pay out $7,074,653 in extended warranty repair costs relating
to amounts associated with estimates for two-year parts only (value of $7,027,018)
and one year-parts and labor alternatives (value of $47,635). (Cole Decl. ¶ 39;
Armstrong Decl. ¶ 34.) The brass valve replacement option is available to the first

20,000 Class Members who request it and has a $449,400 benefit to the class. (Cole Decl. ¶ 41; Armstrong Decl. ¶ 36.)

As for the value of the claims made for reimbursement of out-of-pocket repair and replacement costs, with an estimated claims rate of even 1.9%, it is anticipated that Class Members will meet the cap of $500,000. (Cole Decl. ¶ 43; Armstrong Decl. ¶ 38.) If the total of all valid claims exceeds the cap, payments will be reduced pro rata across claimants on an equal percentage basis. (S.A. ¶ 3.1(c).) The Settlement is quite valuable which, in the aggregate, Plaintiff's expert values at $8,024,053 for the Class.

Further, Defendants will pay all costs of claims administration, Plaintiff's Counsel's fees and litigation costs, and a service payment for the Class representative for the risk and effort required to bring and maintain this action. (S.A. ¶¶ 5, 8.) Further, as Defendants modified/improved the design of the drain valve in roughly 2023, no need exists for future injunctive or relief other than the terms set forth in the Settlement.

### 2. The Fee is Warranted Under the Lodestar Approach

Application of the lodestar method confirms the propriety of Class Counsel's fee request. Under the lodestar method, "the district court 'multiplies a reasonable number of hours by a reasonable hourly rate.'" (*Stetson v. Grissom* (9th Cir. 2016) 821 F.3d 1157, 1166 (quoting *Fischel v. Equitable Life Assurance Soc'y* (9th Cir. 2002) 307 F.3d 997, 1006).) The lodestar amount may then be adjusted by a risk multiplier, and/or "a multiplier that reflects 'a host of "reasonableness" factors.'" (*Stetson*, 821 F.3d at 1166 (quoting *In re Bluetooth*, 654 F.3d at 941-42).)

### i. The Number of Hours Claimed Is Reasonable

From the outset, Class Counsel diligently prosecuted this case on behalf of millions of affected consumers. Indeed, Class Counsel moved this case expeditiously—engaging in discovery, research, expert interfacing, Class Member surveying and settlement efforts detailed herein. Class Counsel's work required

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

mastering highly technical product issues and, ultimately, prepared the case for potential class certification and trial. (Cole Decl. ¶ 28; Armstrong Decl. ¶¶ 3-7.)

As detailed above and in the declarations, these hours include: (1) engaging in extensive efforts to develop strategic plans, (2) vetting potential representative plaintiffs, (3) extensively researching and filing the initial complaint, (4) opposing Defendants' motions to dismiss, (5) drafting the original Complaint and Amended Complaint, (6) conducting informal discovery, (7) reviewing Defendants' production documents, (8) coordinating with Representative Plaintiff, providing discovery responses, and collecting documents, (9) undertaking substantial investigation of the product defect and the corporate structure of Defendants, (10) preparing an extensive mediation brief and attending a private mediation (11) negotiating the details of the Settlement Agreement over multiple months and securing preliminary approval of the Settlement, (12) corresponding and meeting and conferring with several attorneys general, and (13) responding to inquiries from Class Members after Class Notice was disseminated. (Cole Decl. ¶ 60; Armstrong Decl. ¶ 59.)

What's more, substantial additional work will be required that will be uncompensated. Class Counsel must still: (1) draft and file the final approval motion (including the research and drafting of any replies that may be required), (2) attend the final approval hearing, (3) continue to respond to the many inquiries from Class Members long after judgment; (4) oversee the distribution of the common fund, (5) oversee the claims administration process, including addressing any claim review issues and (6) handle any appeals. (Cole Decl. ¶ 61; Armstrong Decl. ¶ 60.)

To date, thus not including the additional work that will be required, the number of hours spent by both firms is 893.1. (Cole Decl. ¶ 59, Exh. 3; Armstrong Decl. ¶ 58, Exh. 2.) This number of hours and corresponding lodestar sought by all Class Counsel is reasonable and should be reflected in the fees awarded to Class Counsel. (*See Caudle v. Bristow Optical Co.* (9th Cir. 2000) 224 F.3d 1014, 1028-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

29, *as amended on denial of reh'g* (Nov. 2, 2000) (counsel entitled to recover for all hours reasonably expended); *Moore v. James H. Matthews & Co.* (9th Cir. 1982) 682 F.2d 830, 839 ("'every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest . . . .'") (citation omitted).)

### ii.    The Hourly Rates Are Reasonable

Class Counsel are entitled to the hourly rates charged by attorneys of comparable experience, reputation and ability for similar complex federal litigation. (*Camacho v. Bridgeport Fin., Inc.* (9th Cir. 2008) 523 F.3d 973, 979.) Class Counsel have brought to this case extensive experience in the area of consumer class actions and complex litigation. (Cole Decl. ¶¶ 79-86, Exh. 1; Armstrong Decl. ¶¶ 78-81.) Here, Class Counsel's hourly rates are reasonable in light of their significant experience, expertise and skill. This matter was handled by multiple attorneys and led by Scott Edward Cole, the founder and a shareholder of Cole & Van Note. Mr. Cole and his firm have a 33-year track record of successfully litigating and resolving hundreds of complex consumer class actions. (Cole Decl. ¶¶ 82-84.) Mr. Armstrong, a partner at The Armstrong Firm, has a background in mechanical engineering, focusing on manufacturing practices and the cross-discipline cooperation between design specifications/standards and the manufacturing of commercial products, sub-components and devices. (Armstrong Decl. ¶ 79.) As a mechanical engineer, patent attorney and trial attorney, his practice largely focuses on product liability litigation. (Armstrong Decl. ¶ 80.) Class Counsel's requested hourly rates are, thus, fully supported by their experience and reputation in handling complex litigation and are commensurate with, if not lower than, prevailing market rates in California for attorneys of comparable experience and skill. (*Blum v. Stenson* (1984) 465 U.S. 886, 895 n. 11 ("[T]he requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."); *Fleming v. Impax Lab'ys*

MOTION FOR ATTORNEYS' FEES AND COSTS & SERVICE AWARD
Case No. 2:24-cv-09686-CAS-MAA

*Inc.* (N.D.Cal. July 15, 2022, No. 16-cv-06557-HSG) 2022 U.S.Dist.LEXIS 125595, at *28 (approving rates of up to $1,325 for partners).)

Courts in the Ninth Circuit have approved rates similar to and greater than the ones sought here. (*See e.g.*, *C.B. v. Moreno Valley Unified Sch. Dist.* (C.D.Cal. Oct. 3, 2025) No. EDCV 21-0194 JGB (SPx), 2025 U.S. Dist. LEXIS 213251, at *17-25 (approving rates of $1,550 per hour for a founding parter, $925 per hour for a senior partner, $325 per hour for paralegals, and $495 per hour for other Plaintiff's counsel); *Hollifield v. Directv* (C.D.Cal. Mar. 14, 2017) No. CV 14-7622-MWF (MRWx), 2017 U.S. Dist. LEXIS 235061, at *12 ("approving rates of between $845 and $1,200 per hour for three senior attorneys") (citing *In re Animation Workers Antitrust Litig.* (N.D.Cal. Nov. 11, 2016) 2016 U.S. Dist. LEXIS 156720, at *21); *Silicon Genesis Corp. v. Ev Grp. E.Thallner GmbH* (N.D.Cal. Apr. 15, 2024) No. 22-cv-04986-JSC, 2024 U.S. Dist. LEXIS 68331, at *4 (approving of rate of $1,000 per hour for partner); *Adtrader, Inc. v. Google LLC* (N.D.Cal. Mar. 16, 2020) No. 17-cv-07082-BLF, 2020 U.S. Dist. LEXIS 71654, at *25 (approving of a rate of $1,000 per hour for partner); *Banas v. Volcano Corp.* (N.D.Cal. 2014) 47 F. Supp. 3d 957, 965 (approving rates ranging from $355 to $1,095 per hour for partners and associates).)

Class Counsel's rates in calculating the lodestar are the same rates they would charge non-contingent hourly clients. As such, the rates are "presumptively reasonable." (*Gusman v. Unisys Corp.* (7th Cir. 1993) 986 F.2d 1146, 1150 ("[T]he best measure of the cost of an attorney's time is what the attorney could earn from paying clients.").)

### iii.    A Positive Multiplier Is Justified

A court may reduce or enhance the lodestar figure based on "a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" (*In re Bluetooth*, 654 F.3d at 942 (quoting *Hanlon v. Chrysler*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Corp.* (9th Cir. 1998) 150 F.3d 1011, 1029).) "'"The district court *must* apply a risk multiplier to the lodestar 'when (1) attorneys take a case with the expectation they will receive a risk enhancement if they prevail, (2) their hourly rate does not reflect that risk, and (3) there is evidence the case was risky.' Failure to apply a risk multiplier in cases that meet these criteria is an abuse of discretion." (*Stetson*, 821 F.3d at 1166 (quoting *Stanger v. China Elec. Motor, Inc.* (9th Cir. 2016) 812 F.3d 734, 741 and *Fischel*, 307 F.3d at 1008).)

Based on these factors, the requested multiplier of approximately 1.66[1] is fair and more than merited, given the excellent results obtained on a contingency basis in this complex case. (*See, e.g.*, *Vizcaino v. Microsoft Corp.* (9th Cir. 2002) 290 F.3d 1043, 1051 & Appendix (approving multiplier of 3.65 and citing cases with multipliers as high as 19.6); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.* (N.D.Cal. Mar. 17, 2017) No. 2672 CRB (JSC), 2017 U.S. Dist. LEXIS 39115, at *732-33 ("'Multipliers in the 3-4 range are common in lodestar awards for lengthy and complex class action litigation.'") (quoting *Van Vranken v. Atlantic Richfield Co.* (N.D.Cal. 1995) 901 F. Supp. 294, 298-99).)

The complexity of this case demanded experienced legal skills and high-quality work. The "prosecution and management of a complex national class action requires unique legal skills and abilities" that are to be considered when determining a reasonable fee. (*In re Omnivision Techs., Inc.* (N.D.Cal. 2008) 559 F. Supp. 2d 1036, 1047 (citation omitted).) This case presented extraordinary challenges that required extraordinary lawyering. Class Counsel represented a class consisting of 7 to 8 million consumers in multiple states, requiring research and potential application of the laws of each respective state.

---

[1] Given the additional tasks yet to be performed, that multiplier will continue to diminish.

All class actions involve a high level of risk, expense and complexity, but product defect actions like this case are particularly risky and complex. Were the case to proceed in litigation, there would be numerous expert reports, costly expert depositions, and *Daubert* proceedings that risk excluding Representative Plaintiff's expert testimony. Representative Plaintiff unquestionably faced an uncertain road with respect to class certification, summary judgment and any appeals.

Class Counsel was successful due to its deep understanding and decades of handling consumer class actions. This experience enabled Class Counsel to implement an effective, efficient litigation strategy that reached resolution on an informed basis, including hiring two seasoned, competent experts, while keeping costs and fees down by not performing work that had little to no benefit to the Class other than to augment the firms' lodestars.

Class Counsel prosecuted this case on a purely contingent basis, thereby assuming the risk of no payment for a considerable amount of work, or even recovery of their costs, over an extended period of time. (*Omnivision*, 559 F. Supp. 2d at 1047; *Vizcaino*, 290 F.3d at 1048.) That the considerable risks here were undertaken by Class Counsel on an entirely contingent basis would further justify a multiplier if Representative Plaintiff were requesting one. (*See Stetson*, 821 F.3d at 1166; *Vizcaino*, 290 F.3d at 1050; *Kerr v. Screen Extras Guild, Inc.* (9th Cir. 1975) 526 F.2d 67, 70, abrogated on other grounds by *City of Burlington v. Dague* (1992) 505 U.S. 557.) "It is an established practice in the private legal market to reward attorneys for taking the risk of nonpayment by paying them a premium over their normal hourly rates for wining contingency cases." (*In re Washington Pub. Power Supply Sys. Sec. Litig.* (9th Cir. 1994) 19 F.3d 1291, 1299.) That Class Counsel spent more than 893.1 hours advancing this case without any compensation and without knowing whether their efforts would ever be rewarded supports the reasonableness of the current fee request and the application of a multiplier.

Additionally, "[t]he quality of opposing counsel is important in evaluating the quality of Class Counsel's work." (*Barbosa v. Cargill Meat Sols. Corp.* (E.D.Cal. 2013) 297 F.R.D. 431, 449.) Here, Defendants are manufacturing companies with a well-funded defense and is represented by Gibson Dunn, a respected and prominent international law firm, who served as zealous advocates throughout the entire litigation. (Cole Decl. ¶ 65; Armstrong Decl. ¶ 64.) That Representative Plaintiff achieved such an excellent result against such a formidable opponent is yet another factor supporting Class Counsel's request for fees without the benefit of any multiplier. (Cole Decl. ¶ 6; Armstrong Decl. ¶ 44.)

### 3. The Fee is Warranted Under the Percentage Method

Although this is not a traditional common fund settlement, the percentage method can be used to demonstrate that the fee is warranted. Under the percentage method, the district court may award plaintiff's attorneys a percentage of the common fund, so long as that percentage represents a reasonable fee. (*See e.g.*, *In re: Wash. Pub. Power Supply Sys. Secs. Litig.* (9th Cir. 1994) 19 F.3d 1291, 1294, fn. 2.) The Ninth Circuit has set 25% of a common fund as a "benchmark" award under the percentage-of-the-fund method, and courts award more than the benchmark when justified, considering factors much like those considered when determining whether a multiplier is appropriate under the lodestar approach. (*Vizcaino*, 290 F.3d at 1048, 1051. *See also In re Pac. Enters. Secs. Litig.* (9th Cir. 1995) 47 F.3d 373, 379 (approving an award of 33% of a $ 12 million settlement fund); *Morris v. Lifescan, Inc.* (9th Cir. 2003) 54 F. App'x 663, 664 (approving an award of 33% of a $14.8 million settlement fund).)

The analysis begins by determining the size of the fund, and the Court has discretion to determine what portion of the common fund is "for the benefit of the entire class." (*In re Bluetooth*, 654 F.3d at 942.) Class Counsel's efforts here generated an exceptional Settlement valued at $8,024,053 for the Class. Thus, an attorneys' fee of $950,000 is only 11.83% of the Settlement value. Based on the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

extraordinary results represented by the Settlement, the contingent nature of representation, the risks of nonpayment, and the highly complex nature of the litigation and the high caliber of lawyering required and employed by all counsel the attorneys' fee is modest and more than merited.

### 4. The Attorneys' Fee Award Is the Product of Arm's-Length Negotiation

The Parties negotiated at arm's-length for months to achieve this Settlement. This began with substantial motion practice and discovery. Instead of mediating this matter at the early stages of litigation, Representative Plaintiffs procured sufficient documentation to inform their position on the claims and defenses in this case. This supports a finding that the negotiations were performed at arm's-length without collusion or fraud. (*See*, *e.g.*, *Swain v. Anders Grp., LLC* (E.D.Cal. Oct. 5, 2022, No. 1:21-cv-00197-SKO) 2022 U.S.Dist.LEXIS 183346, at *30) ("A settlement is presumed to be fair if it follows sufficient discovery and genuine arm's-length negotiation") (quoting *Adoma v. Univ. of Phx., Inc.* (E.D.Cal. 2012) 913 F. Supp. 2d 964, 977 (cleaned up)); *see also Mondrian v. Trius Trucking, Inc.* (E.D.Cal. Oct. 6, 2022, No. 1:19-cv-00884-ADA-SKO) 2022 U.S.Dist.LEXIS 184152, at *22) (finding that private mediation with an experienced mediator following six months of litigation with substantial discovery strongly supports a finding that there was no collusion or fraud).)

Furthermore, the mediation and settlement negotiations, as well as the ultimate product of those interactions between Class Counsel and Defendants' counsel were facilitated and overseen by a neutral mediator: Honorable Philip S. Gutierrez—a well-known and respected neutral. (Cole Decl. ¶ 27; Armstrong Decl. ¶ 21.) This also supports a finding that the negotiations were fair. (*Swain*, 2022 U.S.Dist.LEXIS 183346, *29 (citing *Palacios v. Penny Newman Grain, Inc.* (E.D.Cal. July 2, 2015, No. 1:14-cv-01804-KJM-SAB) 2015 U.S.Dist.LEXIS 87457, at *19); *G. F. v. Contra Costa Cnty.* (N.D.Cal. July 30, 2015, No. 13-cv-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

03667-MEJ) 2015 U.S.Dist.LEXIS 100512, at *43 ("[t]he assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive") (quoting *Satchell v. Fed. Express Corp.* (N.D.Cal. Apr. 13, 2007, No. C03-2659 SI) 2007 U.S.Dist.LEXIS 99066, at *17; *In re Bluetooth*, 654 F.3d at 948 (finding that engaging in formal mediation with an experienced mediator weighs "in favor of a finding of non-collusiveness").)

### 5. The Fee Amount Is Comparable to Attorneys' Fees Awarded in Other Cases

In determining whether an award is reasonable, courts may look to awards made in similar cases. (*See Vizcaino*, 290 F.3d at 1050 n.4.) The request here is incredibly modest when compared with awards in other consumer class action cases. For instance, the fee requested here compares favorably with that awarded in *Peterson*, where the court awarded $725,000 in attorneys' fees and reimbursement of costs when the settlement provided for "a Settlement Fund up to $2,000,000.00 for reimbursement of out-of-pocket costs for replacement or repair" of a microwave/oven and an extended service plan. (*Peterson v. BSH Home Appliances Corp.* (W.D.Wash. June 13, 2024) No. 2:23-cv-00543-RAJ, 2024 U.S. Dist. LEXIS 105624, at *6-7.) In *Walsh*, the court relied primarily on the lodestar method and approved $2,489,337.54 in attorneys' fees and $110,662.46 in costs when the possible cash value of the settlement was $8.25 million. (*Walsh v. Kindred Healthcare* (N.D.Cal. Dec. 16, 2013) No. C 11-00050 JSW, 2013 U.S. Dist. LEXIS 176319, at *11.) In *In re Experian Data Breach Litigation*, the court awarded $10.5 million in attorneys' fees, finding the amount only made up 10.5% of the total value of the settlement and a 1.65 multiplier of the lodestar. ((C.D.Cal. May 10, 2019, No. SACV 15-01592 AG (DMFx)) 2019 U.S. Dist. LEXIS 81243.)

### B. Class Counsel are Entitled to Reimbursement of Litigation Costs

Under well-settled law, Class Counsel are entitled to recover "out-of-pocket expenses that would normally be charged to a fee-paying client." (*Harris v.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

*Marhoefer* (9th Cir. 1994) 24 F.3d 16, 19 (internal citation and quotation marks omitted).)

The preliminarily approved Settlement Agreement provides for reimbursement of litigation costs. To date, Class Counsel have collectively incurred $68,964.84 in unreimbursed litigation costs. (Cole Decl. ¶¶ 73, 74, Exh. 2; Armstrong Decl. ¶¶ 72, 73, Exh. 1.) These costs were reasonably necessary for the prosecution and resolution of this litigation and were incurred by Class Counsel for the benefit of Class Members with no guarantee that they would be reimbursed. (Cole Decl. ¶¶ 75-78; Armstrong Decl. ¶¶ 74-77.) (*See Staton v. Boeing Co.* (9th Cir. 2003) 327 F.3d 938, 975 (class counsel entitled to reimbursement of expenses reasonably incurred).) These reasonable litigation costs are included in the $950,000.

## C. The Court Should Approve the Service Awards

"It is well-established in this circuit that named plaintiffs in a class action are eligible for reasonable incentive payments, also known as service awards." (*Viceral v. Mistras Grp., Inc.* (N.D.Cal. Feb. 17, 2017, No. 15-cv-02198-EMC) 2017 U.S.Dist.LEXIS 23220, at *15 (citation omitted).) Service awards, which are discretionary, "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." (*Rodriguez v. W. Publ'g Corp.* (9th Cir. 2009) 563 F.3d 948, 958-59.)

The Court should grant the modest Service Awards of $5,000 to the Representative Plaintiff to compensate her for the effort and risk entailed in pursuing this litigation. Throughout the action, and since preliminary approval, the Representative Plaintiff diligently represented and pursued the interests of the Class. (Cole Decl. ¶ 51; Armstrong Decl. ¶ 50.) The Representative Plaintiff provided extensive information regarding the harms they suffered as a result of product defect, including providing all necessary paperwork and documents. (*Id.*) The Representative Plaintiff also remained in contact with Class Counsel throughout the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

litigation, promptly responding to our inquiries for further information and communicating with Class Counsel to keep up to date on the status of the Litigation. The Representative Plaintiff also communicated with Class Counsel regarding the terms of the Settlement and reviewed the Settlement Agreement. (*Id.*) Representative Plaintiff put her name and reputation on the line for the sake of the Class, and no recovery would have been possible without their critical role. (*Id.*)

## V.    CONCLUSION

For all the foregoing reasons, Representative Plaintiffs respectfully request that the Court grant $950,000 in attorneys' fees and costs, as well as a Service Award of $5,000 to Representative Plaintiff.

Date: January 30, 2026

*/s/ Scott Edward Cole*
Scott Edward Cole
Laura Van Note
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

*/s/ Ronald W. Armstrong, II*
Ronald W. Armstrong, II*
**THE ARMSTRONG FIRM, PLLC**
109 Yoalana St, Suite 210
Boerne, Texas 78006
Telephone: (210) 277-0542

* *Admitted Pro Hac Vice*

Attorneys for Representative Plaintiff and the Plaintiff Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL.: (510) 891-9800

-17-
MOTION FOR ATTORNEYS' FEES AND COSTS & SERVICE AWARD
Case No. 2:24-cv-09686-CAS-MAA

1

## **CERTIFICATE OF SERVICE**

2       I hereby certify that, on January 30, 2026, a true and correct copy of the

3 foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies

4 of the foregoing document will be served upon interested counsel via transmission

5 of Notices of Electronic Filing generated by CM/ECF.

6

7                           /s/ *Scott Edward Cole*
                              Scott Edward Cole

8

9

10

11

12

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ATTORNEYS' FEES AND COSTS & SERVICE AWARD
Case No. 2:24-cv-09686-CAS-MAA