UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-09686-CAS-MAAx | Date | April 30, 2026 |
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

**Present: The Honorable    CHRISTINA A. SNYDER**

| | | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - INTERVENOR-OBJECTOR SHIYANG HUANG'S OMNIBUS MOTIONS (Dkt. 66, filed on March 9, 2026)

## I.    INTRODUCTION

The Court finds that this matter may be appropriately decided without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

On November 8, 2024, plaintiff Vanessa West ("West" or "plaintiff") filed this action individually and on behalf of a purported class against defendant Rheem Manufacturing Company ("Rheem") and defendant Melet Plastics, Inc. ("Melet"). Dkt. 1 ("Compl."). Plaintiff asserts ten claims for relief: (1) breach of express warranty; (2) breach of the implied warranty of merchantability; (3) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (4) strict liability for the alleged manufacturing defect, design defect, and failure to warn; (5) negligence; (6) negligent failure to warn; (7) common law fraud; (8) violation of the Song-Beverly Consumer Warranty Act, Cal. Civil Code §1792; (9) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (10) unjust enrichment. Compl. ¶¶ 78-176. She seeks damages, attorneys' fees, and equitable and injunctive relief enjoining defendants from continuing to pursue these practices. Id. at 42-43 ¶¶ 2-7.

///

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

On October 17, 2025, plaintiff filed an unopposed motion for preliminary approval of class action settlement. Dkt. 58. On November 25, 2025, the Court granted plaintiff's motion for preliminary approval of class action settlement. Dkt. 64 ("Pre. Appr. Order").

On March 9, 2026, intervenor-objector Shiyang Huang ("Huang") filed the instant omnibus motion to intervene as of right as a verified class member; to file an objection to the settlement; and to appear in the fairness hearing (i.e., the final class action approval hearing). Dkt. 66 ("Mot."). On March 23, 2026, plaintiff filed an opposition to intervenor-objector Huang's omnibus motions. Dkt. 67 ("Opp."). On March 24, 2026, Huang filed a reply. Dkt. 68. The same day, Huang filed a corrected reply. Dkt. 69 ("Reply").

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

The background of this case is known to the parties and set forth in the Court's February 3, 2025 order. Dkt. 37. The case centers on allegations that defendants manufactured and sold to class members certain water heater drain valves (the "Class Products") that were defective. See id. at 2-5.

## III.    DISCUSSION

### A.    Motion to Intervene

Huang moves to intervene as of right under Federal Rule of Civil Procedure 24(a). Mot. at 3. He states that he is a member of the class because he hired a national retailer to install a Rheem water heater and that plaintiff's counsel has confirmed that he is a class member. Id. at 2. Huang argues that his motion to intervene is timely because he "moved to intervene within 72 hours after he learned about this [pending] settlement and promptly verified and confirmed class membership on the same day." Id. at 4 (emphases omitted). Moreover, Huang argues that "[he] did not receive direct notice [of the settlement], even though he installed a Rheem water heater with a national big-box retailer." Id. Huang argues that he is entitled to intervene because this settlement may as a practical matter impair or impede his ability to safeguard his protectable interests, and that plaintiff is unable to represent his interests. Id. at 5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

In opposition, plaintiff argues that Huang is not entitled to intervene as of right under Rule 24(a) because his ability to protect his interests is not impaired or impeded by the settlement. Plaintiff argues that under the settlement terms, Huang "had the unrestricted right to opt out, preserving his ability to litigate on his own terms. Nothing in the settlement forces him to accept its terms or participate in the litigation." Opp. at 2-3. Plaintiff further argues that Huang's interests are adequately represented by existing parties because "Plaintiff and her counsel are actively litigating claims that arise from the same factual predicate, an alleged defective product, and are pursuing relief on behalf of a class that includes individuals similarly situated to Intervenor." Id. at 3. Accordingly, plaintiff argues that "[she] is well equipped to evaluate the sufficiency of Defendants' conduct and the fairness of the settlement terms. If Intervenor [Huang] disagrees with the terms of the settlement, he ha[d] every right to object or opt out." Id. at 3.

Plaintiff also argues that permissive intervention should be denied because "a negotiated class settlement has been preliminarily approved and the extremely expensive notice period ended March 20, 2026, after substantial effort, coordination and resources of the parties and the judiciary have been expended." Id. at 4. Plaintiff argues that "[a]lowing Intervenor … to enter at this late juncture would unnecessarily complicate the proceedings …[,] broaden the scope of the litigation, disrupt the structure of the proposed resolution and inject issues not presently before the Court." Id.

In reply, Huang repeats that he has a right to intervene under Rule 24 because this settlement may as a practical matter impair or impede his ability to safeguard his protectable interests. Reply at 5-7.

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party who satisfies each of these requirements must be permitted to intervene. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

The Court finds that Huang may not intervene as of right because Huang fails to establish that the settlement may impair or impede his ability to protect his interests. Courts in this circuit "have consistently held that 'the ability to file objections and opt out of a class settlement, as dictated by Rule 23, are sufficient to protect the interests of class members in a typical case seeking damages.'" Brown v. Accellion, Inc., No. 5:21-CV-01155-EJD, 2023 WL 1928210, at *3 (N.D. Cal. Feb. 10, 2023) (quoting Gonzalez v. CoreCivic of Tennessee, LLC, No. 16-cv-01891-DAD-JLT, 2018 WL 3689564, at *3 (E.D. Cal. Aug. 1, 2018), and collecting cases). Here, Huang missed the February 20, 2026 deadline imposed by the Court to opt-out of and file objections to the proposed settlement. Pre. Appr. Order at 8. However, because the parties do not dispute that Huang did not receive actual notice of the proposed settlement until March 6, 2026, Mot. at 1, see generally Opp., the Court exercises its discretion to consider Huang's untimely objections the settlement. The Court will consider Huang's objections to the settlement at the fairness hearing on May 11, 2026. Dkt. 72. "Because [Huang] can protect [his] interests by objecting to … the class settlement in this case, the [C]ourt concludes that [he] do[es] not have a significant protectable interest that may be impaired or impeded by the disposition of this action." Tuttle v. Audiophile Music Direct, Inc., No. C22-1081JLR, 2023 WL 2477908, at *5 (W.D. Wash. Mar. 13, 2023). See also In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 2672 CRB (JSC), 2016 WL 4376623, at *1 (N.D. Cal. Aug. 17, 2016) ("[The proposed intervenor] does not need to intervene to object to the Settlement; he may do so in accordance with the terms of the Settlement.").

Nor is permissive intervention appropriate. "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted). Courts may deny such requests where intervention would unduly delay proceedings or prejudice existing parties. Fed. R. Civ. P. 24(b)(3). The Court finds that permitting Huang to intervene under Rule 24(b) is inappropriate because it would cause undue delay and prejudice to the settlement parties and is unnecessary to protect Huang's interests. As discussed, Huang may protect his interests by objecting to the settlement at the fairness hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:24-cv-09686-CAS-MAAx | Date | April 30, 2026 |
|---|---|---|---|
| Title | Vanessa West v. Rheem Manufacturing Company et al. | | |

## IV.    CONCLUSION

In accordance with the foregoing, the Court **DENIES** Shiyang Huang's motion to intervene.  The Court will consider Huang's objections to the settlement at the fairness hearing on May 11, 2026.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |