SHIYANG HUANG
2813 SW ROTHER RD.
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

FILED
CLERK, U.S. DISTRICT COURT
5/11/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

VANESSA WEST, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

RHEEM MANUFACTURING COMPANY, and MELET PLASTICS, INC.,

Defendants

Case No. 2:24-cv-09686-CAS-MAA

**CLASS ACTION**

**CLASS MEMBER HUANG'S MOTION FOR RECONSIDERATION [74],**
**OR IN THE ALTERNATIVE,**
**MOTION FOR A RULING ON TIMELINESS**

Class member Huang moves for reconsideration under C.D. Cal. L.R. 7-18 and Fed. R. Civ. P. 59(e), 6(b)(1)(B) for an order to grant Huang an intervenor status or find his objection as timely. This Court granted Huang *leave* to appear in the hearing, but not because Huang was *timely* under the Preliminary Approval Order. Facts and law have changed since Huang's March motion briefings concluded, and new facts reveal ***Huang's late objection is a direct result of Plaintiff's notice configurations***, not Huang's fault.

As this Court did not make an oral ruling about Huang's proper status during the fairness hearing, Huang moves for reconsideration of his denied omnibus motion for the sole purpose of restoring his rights under Rule 23(e)(5)(A) and the Preliminary Approval Order, Dkt. 64 at 6. Whether as a *timely* objector or intervenor, granting his motion for a procedural timeliness can be granted even if this Court intends to approve the settlement.

## I. AS A PRELIMINARY MATTER, HUANG IS A CLASS MEMBER WITH A *RIGHT* TO OBJECT, AND OPTING OUT DOES NOT PROVIDE REMEDY TO HIM OR THE CLASS

Huang briefly responds to this Court's suggestion for Huang to consider opting out.

Opting out cannot benefit Huang, because opting out is not a true remedy. Only a successful objection protects his rights in a ***class action***. Or else, the reality of opt-out is an individual lawsuit or no future suit at all: "[h]e doesn't know what he could do as an opt-out. He's unlikely to hire a lawyer to litigate over a [water heater]." *Eubank v. Pella Corp.,* 753 F.3d 718, 728 (7th Cir. 2014) (Posner, J.). If Huang's water heater valve fails due to defects someday in future, this settlement today will extinguish the right to class action *West had*, releasing all absentees except two opt-outs, leaving Huang with no avenue to seek redress as *West had* when "a class action is the only realistic possibility for redress." *Hamilton v. Wal-Mart Stores, Inc.,* 39 F.4th 575, 588 n.6 (9th Cir. 2022).

Rule 23 allows Huang "to object to the proposed settlement, and Rule 23(e)(5) states ***without qualification*** that '[a]ny class member may object' to a proposed settlement requiring court approval." *Martin v. Blessing,* 571 U.S. 1040, 1044 (2013) (Alito, J., respecting the denial of cert.) (emphasis added). Huang cannot identify *any* appellate precedent rejecting a class member objection because the objector may opt out, even when the objector is a law professor. *Briseno v. Henderson,* 998 F.3d 1014, 1020 (9th Cir. 2021) (reversing a class-action settlement where "[o]nly one class member opted out of the settlement. [And] a law professor at the University of Chicago, objected to the settlement under Rule 23(e), arguing that attorneys hoarded 88% of the class's actual recovery.") *Churchill Village v. General Electric,* 361 F.3d 566, 572 (9th Cir. 2004) (rejecting an argument that because "objectors can opt out, … they suffer no injury");

*Berni v. Barilla SpA*, 964 F.3d 141, 145 (2d Cir. 2020) (rejecting an argument that objector "was not harmed" and holding that "under Federal Rule of Civil Procedure 23(e)(5), "[a]ny class member may object to the [settlement] proposal if it requires court approval" [such that an objector] automatically has standing to object.")

Plaintiff achieved an abysmal ***0.03% claims rate*** with ***99.97%*** silence. **Dkt. 77-1 at 3**. Courts must "ensure that class representatives and their counsel do not secure a disproportionate benefit at the expense of the unnamed plaintiffs who class counsel had a duty to represent." *Saucillo v. Peck,* 25 F.4th 1118, 1131 (9th Cir. 2022) (citing cases).

***As Plaintiff West is so atypical*** to the proposed class (she lost all warranty claims having never purchased a Rheem water heater herself, **Dkt. 37 at 14**), Plaintiff will cause ***structural problems for all non-cash absentees*** under Rule 23(a)(3) typicality, *Ellis v. Costco Wholesale Corp.,* 657 F.3d 970, 984 (9th Cir. 2011) ("class certification should not be granted if `there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" (citation omitted)), adequacy of representation, *Lierboe v. State Farm Mut. Auto. Ins. Co.,* 350 F.3d 1018, 1022-23 (9th Cir. 2003) ("if Lierboe has no stacking claim, she cannot represent others who may have such a claim, and her bid to serve as a class representative must fail."), and commonality and/or predominance. *TransUnion LLC v. Ramirez,* 594 U.S. 813, 831 (2021) ("Every class member must have Article III standing in order to recover individual damages.") Rule 23 requires denying some objectionable settlements ***even if, usually,*** "over 99.99%—have not objected to the proposed settlement or opted out[.]" *Redman v. Radioshack Corp ,* 768 F.3d 622, 628 (7th Cir. 2014); *Briseno,* 998 F.3d at 1022-29.

## II. GRANTING HUANG'S INSTANT MOTION UNDER RULE 6(b)(1)(B) WILL NOT CHANGE ANY POSTURE BUT ONLY CURES A NOTICE-RELATED PROBLEM

Huang only requests a ruling that excusable neglect and/or good faith standard applies to Huang's objection: it was late, but ***not by Huang's fault:*** Plaintiff's notice did not reach him. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993) (factors include "the danger of prejudice … the length of the delay … the reason for the delay … and whether the movant acted in good faith") The notice setting explained why. **Dkt. 70-4 at 4**. ("The target audiences were carefully developed using interest-based targeting related to ***home improvement, plumbing*** *services,* water heater products and parts, plumbers, and homeowners, with additional audiences reaching people aged 35+ who may fall outside of interest categories.") (emphasis added).

The fairness hearing already occurred. All Parties await this Court's decision on final approval except Plaintiff may submit supplemental fee records. This motion, *either way,* cannot change much to this Court's decision on the proposed settlement. It will not reopen any new objections. It will not require any briefing from the Parties besides any voluntary opposition to this Motion. It will merely provide Huang a proper objector *or* intervenor status and restore his rights as a class member under the Preliminary Approval Order. An objector or intervenor who objected ***timely*** has protectable rights under Rule 23(e). Huang's motion to reconsider only focus on that limited purpose.

## III. LEGAL STANDARD AND ARGUMENTS SUPPORTING RECONSIDERATION

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*,

229 F.3d 877, 890 (9th Cir. 2000). "Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* The lack of constitutionally required notice under Rule 23(e)(1) is "highly unusual," *id.*, and each *Kona* factor is present in this case in the following:

**1.** **Dkt. 70-4**, and **Dkt. 77-1 at 3**, after intervention briefings, newly confirms the *notice program's structural defects* leading to a lack of notice to Huang.

**2.** *Brown v. Salcido*, ___F.4th___, No. 24-5692 (9th Cir. Apr. 20, 2026), newly restricted the **standards for timeliness** for Rule 24 motions.

**3.** Although Huang objected in the hearing, Huang's status remains unclear under Preliminary Approval, sometimes without ECF notice. **Dkts. 76, 64 at 6**.

Each reason supports reconsideration for Huang to be a proper objector ***or*** intervenor so that his objection is ***timely*** to preserve all his rights from a lack of notice.

**FACTOR 1: MANIFEST INJUSTICE: HUANG'S LACK OF CLEAR PARTY STATUS AS ABSENTEE—AS A RESULT OF NOTICE DEFECTS—WARRANTS RECONSIDERATION**

A key reason in this Court's reasoning to deny Huang's motion to intervene is that this Court allowed Huang to participate in the fairness hearing without intervening. Dkt. 74 at 4 (citing cases). Huang sincerely appreciates this Court's decision to let him *appear*.

Huang's status *to object*, however, remains *unknown* from what notice caused. Objectors must file objections in a timely manner, or else they are improper under Dkt. 64 at 5–6. Huang's filing was deemed "untimely", **Dkt. 74 at 2**, even though the Settling Plaintiff's notice program caused it. **Dkt. 70-4 at 4**. The full rights to object are granted only to *timely* filers. **Dkt. 64 at 5–6**. Without intervention, Huang has lost his undisputed

*right to object* under Rule 23(e)(5)(A) except this Court's permitted his appearance in the hearing *by discretion*. Evidently, as soon as this Court denied Huang's motion to intervene, Huang appeared removed from the ECF notice list. Such an effect would not apply to a timely objector, but *does* apply to intervenor without a status to intervene anymore. Huang's status now appears more akin to an *amicus* but not as an absentee. Huang now faces an imminent risk that if he does not insist on intervention, he may "waive and forfeit any and all rights [he] may have to object." **Dkt. 64 at 6**. Huang has never objected to notice deprivation into such an extreme and cannot exhaustively describe what procedural rights may be impaired by Plaintiff's notice failure alone. The Settling Plaintiff's structural minimization of notice deprived Huang of the timeliness required for proper objections. **Dkt. 70-4 at 4**. His appearance was permitted solely on the Court's discretion, not as of right as a proper objector or an approved intervenor. **Dkt. 74 at 4**. And if Huang did not intervene until after final judgment, new intervening circuit law (*Brown v. Google,* discussed *infra*) may find his Rule 24 motion as untimely.

Granting a limited intervention restores the statutory parity for class members who object timely. *Huang's instant reconsideration motion only seeks that ruling alone.*

**FACTOR 2: INTERVENING EVIDENCE IN DKT. 70-4 CONFIRMS THE NOTICE DESIGN IS THE ROOT CAUSE OF HUANG'S LACK OF NOTICE**

This Court correctly noted the Parties do not dispute that Huang first knew of the settlement in March *after* objection deadline. **Dkt. 74 at 4**. The Settlement Administrator estimated the notice to achieve "approximately 80%" audience reach for a "valid claim filing rate of 1%." **Dkt. 58-4 at 11**. With 20% not even in "reach," the Settlement Administrator also cautioned that even "a 1% claims rate may be high, given the lack of

regular mailing addresses and other factors articulated in this declaration." *Id.* It is already a remarkable estimate as the Settlement Administrator only has executed only three prior federal-court class action notices. **Dkt. 58-4 at 14–15**.

The actual situation appears worse—if not far worse—than estimated. Results confirm that only some two-thousand claims are valid. **Dkt. 77-1 at 3**. Out of "7 to 8 million" class members, Dkt. 58 at 14, the claim rate is approximately **0.03%.** In other words, 99.97% of the proposed class did not respond to class notice. **Dkt. 70-4**, filed April 10, 2026, explains *why*. The "80% reach" figure now also appears overstated, because notice only targeted a narrowly constructed audience filtered for users exhibiting specific interest-based engagement. *Id.* at 4 ("The target audiences were carefully developed using interest-based targeting related to home improvement, plumbing services, water heater products and parts, plumbers, and homeowners, with additional audiences reaching people aged 35+ who may fall outside of interest categories."). The campaign targeted ***plumbing, home improvement enthusiasts*** rather than all class members, but ***water heaters are not enthusiast asset***s: People buy water heaters from all walks of life. Huang, who purchased and installed a Rheem water heater through a national big-box retailer, but is not a home improvement enthusiast, **should have had no notice by Plaintiff's design, even as a proposed class member.**

This targeting architecture explains why Huang filed his objection late upon his own diligence, and pure luck. The notice plan was structurally designed to skip notifying purchasers who do not self-identify online under those unique tags. Under Rule 23(c)(2)(B), class notice must be "the best notice that is practicable under the

circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). When retrievable retailer records exist, the failure to provide direct notice shifts the burden improperly for class members to find themselves bound. But a class member cannot lose party status for missing an objection deadline, when the Settling Plaintiff minimized administration costs by foregoing available identification methods. *Roes v. SFBSC Mgmt.*, 944 F.3d 1035, 1046 n.7 (9th Cir. 2019) ("[A] response rate of only 18.5%—which seems low for a scenario in which class members stood to receive hundreds of dollars if they made a claim—provides further indication that class members may not have received adequate notice of the settlement."). The Settling Plaintiff's election to target Do-it-Yourselfers rather than the proposed broad class definition deprived Huang of his procedural right to timely object under Rule 23(e)(5)(A). Reconsideration is necessary to cure Plaintiff's notice defects.

**FACTOR 3: INTERVENING CHANGE IN CONTROLLING LAW: *BROWN V. SALCIDO* SEVERELY LIMITS A STRATEGY OF WAITING TO INTERVENE POST-JUDGMENT**

The Ninth Circuit has significantly narrowed the window for potential intervenors to get involved—or else they cannot. *Brown v. Salcido,* No. 24-5692, slip op. (9th Cir. Apr. 20, 2026) severely constrained the options. Brown held that delay is measured from the point when "proposed intervenors should have been aware that their interests would not be adequately protected by the existing parties." *Brown*, slip op. at 10 (quoting *Kalbers v. U.S. Dep't of Just.*, 22 F.4th 816, 822 (9th Cir. 2021)). The panel explicitly rejected waiting for final judgment, noting that intervenors must act when their "interests might be adversely affected by the outcome of the litigation." *Brown*, slip op. at 13 (quoting *United States v. State of Oregon*, 913 F.2d 576, 589 (9th Cir. 1990)) (emphasis added).

Under Brown, a three-month delay without explanation "was unreasonable," *id.* at 18–19, and *Brown* reinforced that it has "little trouble concluding" that a "short delay" of "just a few weeks" is the outer boundary of timeliness. *Id.* at 17 (citing *Kalbers*, 22 F.4th at 825).

Huang moved within 72 hours after knowing this settlement. Waiting to intervene later would fall under Brown's timeliness analysis as this Court already deemed his filing "untimely." **Dkt. 74 at 2**. The panel rejected an attempt to seek intervention instead of objecting because counsel may have larger fee potentials, "within sight of the terminal," *id.* at 10, and rejected the intervention "on the eve of final approval" as untimely. *Id.* at 5.

Brown requires intervenors to act when representation "might be" inadequate. *Brown*, slip op. at 13. The Settling Plaintiff's failure to issue direct notice placed Huang in a procedural bind: he could not timely object under Rule 23(e)(5)(A) because Plaintiff provided no notice, yet waiting to intervene later risks forfeiture under *Brown's* holdings.

Granting Huang's motion for reconsideration resolves this problem procedurally.

## IV. CONCLUSION

Huang respectfully requests that this Court grant reconsideration under Rule 59(e), and either (1) grant him a status as intervenor for all future settlement-related proceedings, or (2) In the alternative, issues an order deeming his objection as ***timely*** for all purposes under Dkt. 64 at 6 and/or under Fed. R. Civ. P. 6(b)(1)(B). At a minimum, Huang should be restored to the ECF notice list for future proceedings.

Huang does not intend to litigate on Plaintiff's billing records, but notes lodestar multipliers are largely impermissible under *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 665-68 (9th Cir. 2020) (rejecting various factors irrelevant for lodestar enhancements).

Date: May 11, 2026

Respectfully Submitted,

/s/ Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.
Topeka, KS 66614
*(314) 669-1858*
*Defectivesettlement@gmail.com*

*Class member and Proposed Intervener*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2026, I filed the foregoing notice via this Court's EDSS system, from which participants in the case will be served..

/s/ Shiyang Huang

**CERTIFICATE OF COMPLIANCE**

I certify that this brief contains 2,564 words, which complies with the 7,000-word limit of L.R. 11-6.1.

/s/ Shiyang Huang