Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800
Email: sec@colevannote.com
Email: lvn@colevannote.com

Ronald W. Armstrong, II (TX S.B. #24059394)*
**THE ARMSTRONG FIRM, PLLC**
109 Yoalana St, Suite 210
Boerne, Texas 78006
Telephone: (210) 277-0542
Email: rwaii@tafpllc.com

**Admitted Pro Hac Vice*

Attorneys for Representative Plaintiff
and the Plaintiff Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

VANESSA WEST, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

RHEEM MANUFACTURING COMPANY, and MELET PLASTICS, INC.,

Defendants.

**Case No. 2:24-cv-09686-CAS-MAA**

**CLASS ACTION**

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD**

## I. INTRODUCTION

Pursuant to the Court's May 11, 2026 Order, Plaintiff hereby provides this additional briefing in support of Plaintiff's Motion for Attorneys' Fees and Costs, and Service Award. Dkt. No. 79. As detailed further below, Class Counsel's attorneys' fees are reasonable as (1) this case effectively began an entire year prior to filing the Complaint, (2) involved extensive and unique research, (3) Class Counsel's attorneys' fees reflect a methodical, detailed and strategic process necessary for bring such complex and risky cases such as this, and (4) the fee award does not, and could not prejudice nor otherwise affect, payouts to Settlement Class Members because CVN will be paid separately and apart from Settlement Class Members.

## II. ARGUMENT

### A. Pre-Commencement of Litigation

On October 12, 2023—almost thirteen months before filing of the Complaint—a colleague of Ronald Armstrong (a subrogation attorney with whom Mr. Armstrong had collaborated for years on other component-failure matters), called him to discuss what appeared to be an interesting water heater drain valve failure. After discussing the details of the water heater in question (model, date of manufacture, water supply source, installation location, service history and photographs), Mr. Armstrong conducted extensive review of consumer forums (including a substantial r/Plumbing thread documenting identical failures across the country). Having found enough to suggest there was a case, Mr. Armstrong called and set up a meeting with Scott Cole (whom he'd also worked with ion prior occasions) to discuss the available data. Mr. Cole and Mr. Armstrong then spoke and agreed that the potential case warranted a coordinated investigation.

Within the first thirty days thereafter, Mr. Armstrong had: (i) identified a representative defective component was the Rheem AP16800C poly drain valve, documented at page 26 of Rheem's Use & Care Manual; (ii) refined the failure-mode

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

hypothesis to elastomeric-seal failure under chlorinated-water exposure; (iii) traced the upstream component supplier to Melet Plastics, Inc.; and (iv) established that the failing valves spanned at least between the 2019 through 2023 manufacture dates (later confirmed by the forensic work). During this time, Mr. Cole similarly conducted legal research, such as pulling and reviewing documents from nearly ten past class actions with similar factual predicates.

On November 9, 2023, The Armstrong Firm, PLLC executed a Legal Retainer with The Madison Group, Inc. ("TMG"), a Madison, Wisconsin polymer-failure-analysis firm whose president, Bruce Davis, Mr. Armstrong had previously engaged on unrelated polymer-failure matters. TMG opened case number TMG 23-23004-00. The same day, Mr. Armstrong FedEx-shipped the field-failed exemplar valve to TMG and ordered new/unused exemplar AP16800C valves from three independent retailers (PartsAPS, SupplyHouse, and Liberty Supply). To establish chain-of-custody on the comparative specimens, Mr. Armstrong placed a fourth purchase with SupplyHouse for four additional new valves shipped directly from the retailer to Bruce Davis at The Madison Group, 2615 Research Park Drive, Madison, Wisconsin, under PO #TMG 23-23004-00. Each transaction is documented in TAF's Cost Journal.

In late November and early December 2023, after weeks of cold calls, emails and discussions with a plumbers across Texas and the nation, Mr. Armstrong located through online consumer forums, a licensed plumber whose service area exhibited a high concentration of Rheem drain-valve replacements. He had kept a box full of the failed Rheem valves. Mr. Armstrong arranged the purchase and shipment to TMG of more than forty field-failed valves he had pulled from customer water heaters during his repair work. The combination of independently-sourced new exemplars, the field-failed exemplar from the originating subrogation matter, and the plumber-sourced population gave TMG a comparative testing base no later-acquired sample could have matched.

Following extended discussions with Mr. Cole and Mr. Davis, a testing protocol was crafted, revised and approved. The testing protocol—Stereographic Microscopy, HDDM, FTIR, DSC, Oxidation Induction Time, SEM, EDS, and GC/MS—established that the EPDM seals contained substantially lower antioxidant concentrations than required, and that under accelerated chlorinated-water and elevated-temperature exposure the antioxidant-deficient seals exhibited the same mudcracking, embrittlement, and molecular-level degradation observed across the field-failed population. Within this timeframe, and through ongoing discussions with other counsel and experts identified in publicly available docketing systems, Mr. Armstrong identified three additional cases involving the same valve and the same failure mode—independent corroboration across three different jurisdictions and three different claimants.

Class-representative search and vetting consumed the longest single phase of the pre-suit period. Class Counsel evaluated more than a dozen candidate representatives along standing, statute-of-limitations, factual-presentation, and venue dimensions; reviewed exemplar subrogation petitions filed against Rheem across more than twenty Texas county jurisdictions to map class scope and prior counsel's strategies. Most of these were unproductive since insurance had fully covered their damages or other factors made damages unclear. They ultimately identified Vanessa Davis West on August 27, 2024. Ms. West's loss event of October 26, 2023 was well-documented by correspondence, damage estimates, payout breakdowns, plumbing and air-duct invoices, photographs, Rheem's own replacement-valve confirmation and shipping records, and a subsequent non-renewal letter reflecting consequential economic harm. Mrs. West executed the Joint Prosecution Agreement on August 28, 2024.

From September 12 through October 28, 2024, Class Counsel drafted the operative Complaint through iterative revision cycles. Class Counsel devoted substantial time to the personal-jurisdiction analysis required to keep Melet Plastics

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

in the case—Melet had relocated to Winnipeg, Manitoba and reorganized as a Canadian corporation, raising minimum-contacts and Hague Convention service issues—by locating Melet's prior California state-court litigation history, distribution-chain footprint, and contact pattern. With Manitoba DOJ service planning resolved, the Complaint was filed on November 8, 2024.

This long stage required 133.2 hours (a lodestar of $124,290.50).

**B. Litigation**

**i. Pleadings**

The pleading stage of this matter spanned multiple months and briefings. Plaintiff drafted and filed her first Complaint on November 8, 2024. This was followed by Defendant Rheem's Motion to Dismiss filed January 6, 2025, Plaintiff's Opposition filed on January 13, 2026, Defendant's Reply in Support and a hearing held on February 3, 2025. Plaintiff then drafted and filed the operative First Amended Complaint on February 25, 2025. Rheem filed its Answer on March 28, 2025. On that same day, Defendant Melet Plastics filed its own Motion to Dismiss. Over the next six months, the parties then conferred, drafted and filed four joint stipulations to continue the Melet Motion to Dismiss hearing and one stipulation to continue a scheduling conference as the parties were actively engaged in settlement negotiations.

This stage of litigation totaled 150.35 hours and $72,582.75.

**ii. Discovery**

Discovery continued as litigation commenced. Through informal discovery, Defendant produced evidence that allowed Counsel to understand the means and scope of the alleged defects, Defendants' sales of the products, warranty issues and options, the size and scope of the Class, etc. The parties also informally/confidentially exchanged non-public information in preparation for a successful mediation.

Ahead of the mediation session, the parties prepared comprehensive mediation briefs and Class Counsel researched the connection between the defendants, their corporate governance and their solvency, researched and examined comparable settlements and previous litigation against Defendants, engaged experts, prepared class certification arguments, etc.—all with an aim toward preparing the matter for class certification as quickly as possible and/or reaching a mediated resolution of the matter.

This stage of litigation totaled 282.2 hours and $178,697.50.

**iii. Settlement Negotiations and Mediation**

Defendants and their counsel at Gibson, Dunn & Crutcher LLP came to the May 6, 2025 mediation before the Honorable Philip S. Gutierrez (Ret.) and confronted a fully-developed litigation posture: a polymer-failure-analysis opinion from an independent and credentialed expert (TMG), supported by comparative testing on field-failed valves and multiple new exemplars sourced from three independent retail channels with documented chain-of-custody; a peer-reviewed scientific library identifying the precise chemical mechanism (oxidative degradation of antioxidant-deficient EPDM in chlorinated water); three corroborating TMG failure-analysis reports from unrelated subrogation matters; a vetted Representative Plaintiff with comprehensive damages documentation; a thoroughly mapped class scope; personal-jurisdiction analysis; and a Complaint that had survived the Motion-to-Dismiss stage as to the strict-liability, negligence, and failure-to-warn claims.

This stage of litigation total 91.8 hours and $28,338.75.

**iv. The Notice Program and Preliminary Approval**

The Notice process here was challenging to design. First, Class Counsel spent hours obtaining and negotiating bids from well-established, experienced, and highly regarded class action administration firms. Class Counsel also collaborated on the logistics and substance of the notice plan, including the Claim Form, Publication Notice for Meta, Display, Reddit, YouTube, Nextdoor, and settlement website.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

Once the notice plan was set, Plaintiff researched, drafted and filed the Motion for Preliminary Approval. This included interfacing with experts, Defendant's counsel, and the settlement administrator. On November 24, 2025, Class Counsel appeared before the Court, which then granted Class Counsel's Motion for Preliminary Approval.

Since the Preliminary Approval Order, Class Counsel worked closely with the settlement administrator to ensure the notice and claims process has gone smoothly for Class Members. Class Counsel repeatedly audited the website to make sure it was correct and user-friendly, reviewed reports from, and conferred with, the administrator about the progress of the notice and claims process, and responded to myriad inquiries from Class Members. Class Counsel also corresponded and met and conferred with several attorneys general regarding the settlement.

This stage of litigation total 239.15 hours and $144,041.75.

**v. Work Not Reflected in Initial Fee Motion**

Since filing Plaintiff's Motion for Preliminary Approval and submitting their lodestars, Class Counsel have conducted substantial work: (1) researched, drafted and filed the fee motion, opposition to intervenor objector Huang's omnibus, final approval motion, supplemental materials to the final approval motion, and opposition to Huang's motion for reconsideration; (2) attended the final approval hearing; (3) responded to the inquiries from Class Members; and (4) oversaw the claims administration process, including addressing any claim review issues. This work totals 293.25 hours and $158,438.75.

Moving forward Class Counsel must still: (1) attend a fee hearing if set by the Court; (2) continue to respond to the inquiries from Class Members long after judgment; (3) oversee the distribution of the common fund; and (4) handle any appeals. As is evident from intervenor objector Huang's copious filings, there is a probability that he will file an appeal. While his claims are unfounded, Counsel will

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

still be required to expend time and effort strategizing, drafting a brief and motions, and attending hearings.

### C. The Multiplier Is Diminishing

The multiplier previously presented to the court has diminished and will continue to do so as more required work is performed. The original requested multiplier was approximately 1.66, which as discussed in the fee motion, is fair and more than merited, given the excellent results obtained on a contingency basis in this complex case. At this stage, the multiplier is approximately 1.3. If the objector pursues his efforts to unravel this settlement, it is likely even that multiplier will vanish quickly.

## III. CONCLUSION

This matter's posture at mediation is what produced the settlement. Had Class Counsel deferred the expert engagement until formal discovery, deferred the comparative testing until summary judgment, or provided only a cursory vetting of the class-representative, the matter would not have settled in May 2025. It would have proceeded through contested discovery, class certification, expert depositions, dispositive motion practice, and likely trial—at materially greater cost to all parties and with a meaningful risk of an inferior recovery for the Class. The lodestar that Plaintiff's Motion describes, 169 hours by TAF through January 27, 2026, reflects work that was substantively necessary to the result that the Class Members will receive. Measured against the eight-million-dollar settlement value documented by Plaintiff's expert (Dkt. 58 Bernatowicz Decl.), the breadth and technical complexity of the engineering issues, and the sophistication of opposing counsel, that lodestar is reasonable and well-supported.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

For all the foregoing reasons, Representative Plaintiff respectfully requests that the Court grant $950,000 in attorneys' fees and costs.

Date: May 26, 2026

*/s/ Scott Edward Cole*
Scott Edward Cole
Laura Van Note
**COLE & VAN NOTE**
555 12th Street, Suite 2100
Oakland, California 94607
Telephone: (510) 891-9800

*/s/ Ronald W. Armstrong, II*
Ronald W. Armstrong, II*
**THE ARMSTRONG FIRM, PLLC**
109 Yoalana St, Suite 210
Boerne, Texas 78006
Telephone: (210) 277-0542

* *Admitted Pro Hac Vice*

Attorneys for Representative Plaintiff and the Plaintiff Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 2100
OAKLAND, CA 94607
TEL: (510) 891-9800

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 26, 2026, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ *Scott Edward Cole*
Scott Edward Cole