GIBSON, DUNN & CRUTCHER LLP
KAHN A. SCOLNICK, SBN 228686
kscolnick@gibsondunn.com
BRADLEY J. HAMBURGER, SBN 266916
bhamburger@gibsondunn.com
ALLISON ROY KAWACHI, SBN 349078
akawachi@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

GIBSON, DUNN & CRUTCHER LLP
KATIE K. GEARY, SBN 323875
kgeary@gibsondunn.com
3161 Michelson Drive, Ste 1200
Irvine, California 92612-4412
Telephone: 949.451.3800
Facsimile: 949.451.4220

*Attorneys for Defendant*
*Rheem Manufacturing Company*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANESSA WEST, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RHEEM MANUFACTURING COMPANY, and MELET PLASTICS, INC.,<br><br>Defendants. | CASE NO. 2:24-CV-09686-CAS-MAA<br><br>**DEFENDANT RHEEM MANUFACTURING COMPANY'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS, AND SERVICE AWARD**<br><br>Judge: Hon. Christina A. Snyder |

Rheem does not dispute that class counsel should be fairly compensated for their work in this case, but Plaintiff's supplemental brief does not cure the evidentiary deficiencies that Rheem identified in its opposition. This Court gave Plaintiff an opportunity to bolster the record with clearer descriptions of the work performed and to include any hours worked since January 2026. Instead of providing any additional evidence of the hours worked (such as detailed timesheets), Plaintiff filed only an unsworn brief that provides no new evidence and still fails to distinguish attorney time from non-attorney time. Rheem respectfully submits that a 25 percent downward adjustment remains appropriate in light of the insufficient and conclusory showing from Plaintiff's counsel of the hours worked on this matter.

**1.** This Court gave Plaintiff a chance to substantiate the 893.1 hours claimed in the original fee motion with something more than two pages of bare-bones billing records. Plaintiff has not done so. The supplemental brief is not supported by a declaration signed under penalty of perjury. It attaches no exhibits, no contemporaneous time records, and no billing entries. Its stage-by-stage hour totals are nothing more than unsworn attorney argument—and are entirely conclusory, with no breakdowns by task or timekeeper.

Plaintiff, as the party seeking fees, "bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). That burden cannot be discharged through ipse dixit assertions in a brief. *See Comstock v. Humphries*, 786 F.3d 701, 709 (9th Cir. 2015) (noting that "arguments in briefs are not evidence").

The supplemental brief also fails to address the specific concerns Rheem has raised. Rheem's opposition identified that 13 legal secretaries and legal assistants accounted for approximately 25 percent of Cole & Van Note's total hours—with legal secretary Anya Puchkov alone billing 104.4 hours at $277 per hour, more than every attorney at the firm except two. Dkt. 73 at 4. Rheem also identified four attorneys—

Karmel Landver (9.3 hours), Mark Freeman (22.8 hours), Suneel Jain (1.4 hours), and Paula Atkinson (0.1 hours)—who never appeared in the case and had minimal or no contact with Rheem's counsel. *Id.* The supplemental brief says nothing about what any of these individuals did. It lumps all timekeepers together in stage-by-stage totals without identifying which hours were billed by attorneys, which by non-lawyers, or what work these four attorneys supposedly performed. The Court still cannot determine whether the secretarial time was substantive legal work or "clerical in nature and should have been subsumed in firm overhead." *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). In short, the documentation of Plaintiff's originally claimed hours is just as inadequate today as it was when Rheem filed its opposition.

**2.** The supplemental brief also claims 293.25 additional hours of work not reflected in the initial fee motion (totaling an additional $158,438.75). Dkt. 82 at 7. All of the evidentiary deficiencies described above apply with even greater force here: these hours are supported by no time records, no billing entries, and no sworn declaration. *See United States v. $28,000.00 in U.S. Currency*, 802 F.3d 1100, 1105 (9th Cir. 2015) (explaining that a fee applicant "must 'produce satisfactory evidence' establishing the reasonableness of the requested fee," including "detailed documentation of the hours worked"). Plaintiff also does not distinguish which of these 293.25 hours were performed by attorneys and which were performed by secretaries or legal assistants.

If Plaintiff wished to update the lodestar with these additional hours, the proper course was to submit a supplemental declaration under penalty of perjury with supporting time records. *See Welch*, 480 F.3d at 946 (affirming 20% across-the-board reduction of fees where the applicant "failed to bear her burden of submitting detailed time records justifying the hours claimed to have been expended"). As it stands, however, neither Rheem nor the Court can assess the nature of these additional claimed hours.

* * *

Rheem respectfully requests that the Court apply a 25 percent reduction and award

class counsel no more than $712,500 in attorneys' fees and costs.

DATED: June 1, 2026

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Kahn A. Scolnick*
Kahn A. Scolnick

*Attorneys for Defendant*
*Rheem Manufacturing Company*