FILED
CLERK, U.S. DISTRICT COURT
5/26/26
CENTRAL DISTRICT OF CALIFORNIA
BY CS DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

SHIYANG HUANG
2813 SW ROTHER RD.
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

VANESSA WEST, individually, and on behalf of all others similarly situated,

Plaintiff,

v.

RHEEM MANUFACTURING COMPANY, and MELET PLASTICS, INC.,

Defendants

Case No. 2:24-cv-09686-CAS-MAA

**CLASS ACTION**

**Supplemental Brief To Plaintiff's Motion for Attorney's Fee**

Huang files this brief as requested by this Court's order for supplemental briefing.

## I. THE REQUESTED FEE MULTIPLIER IS UNAVAILABLE AS A MATTER OF LAW UNDER *CHAMBERS*, RENDERING THE DISPUTED BILLING MOOT

The Court need not resolve Plaintiff's billing narrative, because the requested multiplier is unavailable. The Ninth Circuit has held that "the district court needed to do more to assure itself—and us—that the amount awarded was not unreasonably excessive in light of the results achieved." *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944 (9th Cir. 2011). "A district court … necessarily abuses its discretion when it makes any errors of law in calculating its reasonable fee award." *Id.* at 943. *Chambers v. Whirlpool Corp.*, 980 F.3d 645, 665–68 (9th Cir. 2020), confirms that an upward multiplier on a record like this one cannot be sustained.

Because this Court requested supplemental briefing on the billing record, Huang attaches as **Exhibit B** an example of contemporaneous lodestar documentation prepared by a group of objector counsel, including Anna St. John, now the Honorable Anna St. John, a sitting federal judge (E.D. La.).

The exhibit is offered for the Court's reference only.

Huang otherwise takes no position on the billing narrative itself.

## II.A. RULE 23(h)(1) WAS NOT SATISFIED: THE ENTIRE FEE MOTION WAS NOT POSTED TO THE SETTLEMENT WEBSITE UNTIL MAY 12, 2026

The Court-approved notice promised the class direct access to the fee motion: "Class Counsel's application for attorneys' fees, costs, and service award will be made available on the settlement website at www.RheemDrainValveSettlement.com." *See* Dkt. 77 (actual class notice); *accord* Dkt. 58-2 at 37 (proposed notice).

That promise was not kept until the day after the fairness hearing.

**Exhibit A** is the Internet Archive snapshot of the settlement website's Documents page from the evening after oral argument on May 11, 2026. The fee motion is absent. https://web.archive.org/web/20260511011749/https://www.rheemdrainvalvesettlement.com/Documents. All prior snapshots are identical. *Id.*

The fee motion first appeared after the fairness hearing on May 12, 2026, 9PM PT. https://web.archive.org/web/20260513035355/https://www.rheemdrainvalvesettlement.com/Documents. Plaintiffs filed their fee motion on January 30, 2026. The objection deadline closed on February 20, 2026. For *over one-hundred days,* the notice told class members the fee motion *would be* available. It was not there.

Federal Rule 23(h)(1) is unambiguous: "Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner." Fed. R. Civ. P. 23(h)(1). The Ninth Circuit has explained the obligation:

> Rule 23(h)(1) requires that class counsel direct notice of their fee motion 'to class members in a reasonable manner.' Under this provision, a district court must give absent class members an opportunity to object to a class counsel's fee motion before fees are awarded. ... Allowing class members an opportunity thoroughly to examine counsel's fee motion … is essential for the protection of the rights of class members.

*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993–94 (9th Cir. 2010). The Northern District's Procedural Guidance reflects the operational standard: "The notice should include … a website that lists … motions for approval of the settlement and attorneys' fees, plaintiffs' service awards, and other notable filings." N.D. Cal. Procedural Guidance for Class Action Settlements at 2 (Sept. 2024 revision).

The only alternative is the PACER docket. Directing absent class members to a PACER paywall, in direct contravention of the Court-approved notice promising a free settlement website, fails to satisfy the 'reasonable manner' requirement of Rule 23(h)(1). Class members were directed by the Court-approved notice to a free settlement website, not a PACER fee schedule. *Cf. In re Volkswagen "Clean Diesel" Mktg. Litig.*, 895 F.3d 597, 616 (9th Cir. 2018) (noting fee motion availability on class website while reserving when a Rule 23(h) violation may render a settlement unapprovable).

The post-hearing posting confirms the violation rather than cures it. The class did not have the opportunity to consider the fee request before the objection deadline, the fairness hearing, or the Court's submission of the matter for decision.

**II.B. THE NOTICE FAILURES NOW APPEAR SYSTEMIC; THE WARRANTY VALUATION IS UNTETHERED FROM REDEMPTION REALITY**

Plaintiff's notice program has now failed on four independent grounds:

**(1)** it yielded a 0.03% claims rate, Dkt. 77-1 at 3;

**(2)** it targeted only internet users interested in "home improvement, plumbing services, water heater products and parts, plumbers, and homeowners," Dkt. 70-4 at 4, not the proposed class;

**(3)** it failed to post the fee motion to the settlement website until May 12, 2026, a day after the fairness hearing; and

**(4)** it caused Huang himself to object *late* only after independent discovery, Dkt. 66.

The cumulative effect is structural. The Ninth Circuit has explained: "So little goes to the class members … the redemption rate is notoriously low, especially when it involves small-ticket items. The redemption rate shrinks even further if the settlement, as

here, provides for no direct notice to class members." *Briseno v. Henderson*, 998 F.3d 1014, 1026 (9th Cir. 2021). A "response rate of only 18.5% … seems low for a scenario in which class members stood to receive hundreds of dollars[.]" *Roes v. SFBSC Mgmt.*, 944 F.3d 1035, 1046 n.7 (9th Cir. 2019).

The *warranty,* projected at $7 million, accordingly rests on assumptions the notice failure renders untenable. Rheem will pay after **(a)** class members learn of, (b) valves fail within the one- or two-year warranty window, and **(c)** they file claims while their homes are flooding without needing to replace the entire water heater. The brass valve option had fewer than 1,000 redemptions. The part-and-labor warranty may serve few claimants within the warranty window. The remaining warranties exist on paper only.

The United States Solicitor General has explained why this matters under CAFA:

> Congress has endorsed that approach in a related context. The Class Action Fairness Act of 2005 … includes a finding that '[c]lass members' are 'harmed' when 'counsel are awarded large fees, while leaving class members with … awards of little or no value.' Congress implemented that finding by, inter alia, restricting attorney's fee awards in class-action settlements that provide relief through coupons — a form of relief that … does not provide direct monetary compensation for plaintiffs' alleged injuries. Specifically, Congress provided in 28 U.S.C. 1712(a) that the calculation of attorney's fee awards may not be based on the value of unredeemed coupons, which do not provide a 'tangible, non-speculative benefit to the class members.'"

Brief for the United States, *Frank v. Gaos*, 2018 WL 3456069, at *30–31 (U.S. July 16, 2018) (quoting S. Rep. No. 109-14, at 32 (2005)). Plaintiff's representation that "the fee award does not, and could not prejudice nor otherwise affect, payouts to Settlement Class Members" (Dkt. 82 at 2) is inconsistent with established law: "If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees …

the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class." *Manual for Complex Litigation* § 21.75 (4th ed. 2008).[1]

**III. THE SETTLEMENT'S STRUCTURAL DEFECTS WARRANT DENIAL OF SETTLEMENT TO MAXIMIZE JUDICIAL EFFICIENCY**

Plaintiff suggests "there is a probability that [Huang] will file an appeal." Dkt. 82 at 7. The framing inverts the inquiry. The question before this Court is not whether Huang would appeal; it is whether the settlement, the notice, and the fee request satisfy Rule 23(a), Rule 23(b), Rule 23(e), Rule 23(h), and § 1712 on the present record.

*Briseno* itself describes a cautionary tale when an illusory claims-made structure is approved at this stage. There, an $8 million settlement reserved less than $1 million for the class. The Ninth Circuit reversed, finding "a squadron of red flags billowing in the wind." 998 F.3d at 1019. On remand, the class recovery doubled, though in a $5 million smaller settlement, a loss that could have funded better class recovery *and* reasonable counsel fees, had the underlying settlement been structured properly at the outset.

The structural defects identified in *Briseno* are largely present here. The notice was minimized. The $500,000 is the main feature, the rest are “warranties” provided at a 0.03% claims rate. The default 2-year warranty in particular depends on class members learning of relief they are unlikely aware of. The $950,000 fee rests on "settlement value" figures the redemption record cannot support. *Briseno* held that these features require

[1] *See also* Brief Amicus Curiae of Alex Kozinski, *Corrente v. The Charles Schwab Corp.*, No. 25-40774 (5th Cir. Mar. 30, 2026) (appeal of Shiyang Huang and Iowa Attorney General) ("Class action lawyers perform a public service. … If they win, they deserve to be rewarded handsomely, not only for the work they did but also for the risk they took.") (recognizing that the reward must be commensurate with the result)

the district court to "scrutinize attorney fee arrangements with particular care," 998 F.3d at 1023, and to apply "undiluted, even heightened, attention," *id.* at 1023–26.

The most efficient course for Huang, the class, the defendant, and class counsel is one in which this Court's ruling reflects the record as it now stands, including the Rule 23(h)(1) website violation demonstrated by **Exhibit A.** The class members the notice was designed to bind have not yet been given the access the notice promised them.

## CONCLUSION

Huang maintains that the Settlement should not be approved on this record.

At a minimum, Huang respectfully requests that this Court deny Plaintiff's fee motion without prejudice, requiring Class Counsel to re-file and properly serve the motion under Rule 23(h)(1) to all class members before deciding any fee award, in light of the lack of *any* demonstrable fee motion notice until May 12, 2026, under **Exhibit A**.

Date: May 27, 2026

Respectfully Submitted,

/s/ Shiyang Huang
Shiyang Huang
2813 SW Rother Rd.
Topeka, KS 66614
*(314) 669-1858*
*Defectivesettlement@gmail.com*

*Class member and Proposed Intervenor*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2026, I filed the foregoing notice via this Court's EDSS system, from which participants in the case will be served..

/s/ SHIYANG HUANG

**CERTIFICATE OF COMPLIANCE**

I certify that this brief complies with this Court's order for no more than 10 pages.

/s/ SHIYANG HUANG

# EXHIBIT A

Select Language
Powered by Google Translate

# *West v. Rheem Manufacturing Company and Melet Plastics Inc.*

## The response deadline expired on March 20, 2026.

## Important Documents

The files below are PDF downloads that are relevant to this specific case. Please review them and if you have any questions, or would like additional information, please contact us Toll Free by calling 1-888-271-1105 or by sending an email to RheemDrainValveSettlement@cptgroup.com.

CPT Group

Select Language
Powered by Google Translate

| | |
|---|---|
| | Settlement Agreement |
| | Preliminary Approval Order |
| | Notice |
| | Claim Form |
| | Notice - Spanish |
| | Claim Form - Spanish |

CPT GROUP, INC.

PO Box 19504, Irvine, CA 92623

CONTACT INFORMATION

Toll-Free Class Member Support:
1-888-271-1105
Case Email:
RheemDrainValveSettlement@cptgroup.com

LEGAL

Terms of Use
Privacy
Accessibility

Copyright © 2026 CPT Group, Inc. All Rights Reserved..

# EXHIBIT B

| Biller | Date | Description | Hours | Excl? |
|---|---|---|---|---|
| Ned Hedley | 9/16/2021 | Reviewed materials related to broiled chicken antitrust settlement | 0.50 | |
| Adam Schulman | 9/16/2021 | corr w/team re broiler chicken | 0.20 | |
| Ted Frank | 9/16/2021 | Review settlement website; communications with team re possible objection, clients, expert | 0.30 | |
| Ned Hedley | 9/20/2021 | [redacted] Filed claim for broiler chicken settlement. | 5.50 | excluded |
| Adam Schulman | 10/4/2021 | corr w/team re Broiler Chicken | 0.50 | |
| Frank Bednarz | 10/4/2021 | Investigate broiler chicken appointment | 2.00 | |
| Ted Frank | 10/4/2021 | Team meeting re possible objection; review Bednarz memo re Hagens participation history; emails with team re discovery options; expert depositions | 0.40 | |
| Frank Bednarz | 10/8/2021 | Investigate broiler chicken appointment | 0.20 | |
| Frank Bednarz | 10/29/2021 | Discuss objection with Mr. Frank | 0.10 | |
| Ted Frank | 10/29/2021 | Email to team and tc w/MFB re logistics of objection | 0.20 | |
| Adam Schulman | 11/1/2021 | corr w/Ned re broiler chicken | 0.30 | |
| Anna St. John | 11/1/2021 | Conference with Mr. Frank and Mr. Hedley re: objection (0.9); analyze case filings for purpose of objecting (1.3) | 2.20 | |
| Frank Bednarz | 11/1/2021 | Coordinate with Mr. Hedley and Ms. St. John on drafting objection; review docket | 1.20 | |
| Ned Hedley | 11/1/2021 | Reviewed class counsel fee request court filings and related pleadings from former cases. Drafted objection to fee request. Conference call with Frank and Anna to discuss issues in the case. | 10.50 | |
| Frank Bednarz | 11/2/2021 | Review docket | 0.10 | |
| Ned Hedley | 11/2/2021 | Reviewed class counsel fee request and related court filings and drafted objections to the fee request. | 11.50 | |
| Anna St. John | 11/3/2021 | Team call re: objection. | 0.60 | |
| Ned Hedley | 11/3/2021 | Researched cases and reviewed court filings in other class counsel cases. Drafted and revised objection to attorney fee request. | 12.00 | |
| Anna St. John | 11/4/2021 | Draft objection. | 3.50 | |
| Frank Bednarz | 11/4/2021 | Coordinate with Mr. Hedley and Ms. St. John on drafting objection; review docket | 0.90 | |
| Ned Hedley | 11/4/2021 | Drafted objection and declaration. Researched similar cases involving class counsel. | 10.00 | |
| Anna St. John | 11/5/2021 | Research and draft objection. | 3.80 | |
| Frank Bednarz | 11/5/2021 | Coordinate with Mr. Hedley and Ms. St. John on drafting objection; review docket | 0.50 | |
| Ned Hedley | 11/5/2021 | Revised drafts of objection and declaration. Researched on PACER fee requests filed in other cases cited by class counsel. | 3.50 | |
| Ted Frank | 11/5/2021 | Email [redacted] | 0.10 | |
| Frank Bednarz | 11/6/2021 | Review new filings on docket | 0.20 | |
| Anna St. John | 11/8/2021 | Research and draft objection. | 8.50 | |
| Ned Hedley | 11/8/2021 | Reviewed and revised draft objection and compiled related documents and exhibits. | 10.00 | |
| Adam Schulman | 11/9/2021 | review brief and corr w/team re same | 1.00 | |
| Anna St. John | 11/9/2021 | Draft objection, Frank declaration, and notice of intent to appear. | 6.40 | |
| Frank Bednarz | 11/9/2021 | Coordinate with Mr. Hedley and Ms. St. John on drafting objection; review docket | 1.20 | |
| Ned Hedley | 11/9/2021 | Reviewed and revised draft objection and related declarations. Compiled materials related to objection in preparation for filing. | 11.00 | |
| Ted Frank | 11/9/2021 | Redline objection, emails and comms with team re discovery, Bednarz declaration, Hagens bids; edit and sign Frank declaration and emails w ASJ re same | 2.10 | |
| Anna St. John | 11/10/2021 | Coordinate and email corr. and logistics re: objection and discovery. | 0.80 | |
| Frank Bednarz | 11/10/2021 | Coordinate with Mr. Hedley and Ms. St. John on drafting objection; review docket to research objection | 4.20 | |
| Ned Hedley | 11/10/2021 | Revised objection and related documents and prepared materials for filing. | 10.00 | |